| iBOWES, Judge.
Defendant, Ralph E. Razza, pled guilty to three (3) counts of cruelty to a juvenile in violation of La.R.S. 14:93 and, on February 16,1995, he was sentenced to one (1) year on each count, to be served consecutively.
On March 16, 1995, defendant filed a motion to amend/reconsider the sentence imposed, which was denied by the trial court on March 22,1995.
On May 4, 1995, defendant filed a second motion to amend/reconsider sentence; there is nothing in the record to reflect that the trial court acted on this motion.
ROn May 11, 1995, defendant filed a motion for appeal. On appeal, defendant asserts that his sentence is excessive. We dismiss this appeal ex proprio motu for the following reasons:
La.C.Cr.P. art. 914 provides:
A. A motion for an appeal may be made orally in open court or by filing a written motion with the clerk. The motion shall be entered in the minutes of the court.
B. The motion for an appeal must be made no later than:
(1) Five days after the rendition of the judgment or ruling from which the appeal is taken.
(2) Five days from the ruling on a motion to reconsider sentence filed pursuant to Article 881.1, should such a motion be filed.
The record reflects that the motion to reconsider/amend the sentence.was denied by the trial court on March 22, 1995. Accord *31 ingly, defendant had five days from that date to appeal, which he faded to do. Thus, the motion for appeal, made on May 11, 1995 is untimely. Therefore, the sentence is no longer subject to review under the ordinary appellate process unless defendant first obtains reinstatement of his right to appeal by application for post conviction relief to the district court. State v. Counterman, 475 So.2d 336 (La.1985); State v. Edwards, 590 So.2d 795 (La.App. 5 Cir.1991).
For this reason, the appeal is dismissed.
APPEAL DISMISSED.