708 So.2d 1121 (1998)
STATE of Louisiana
v.
Eric C. DAVIS.
No. 97-KA-850.
Court of Appeal of Louisiana, Fifth Circuit.
February 11, 1998.
Byrne W. Dyer, III, Gretna, for Appellant.
Paul D. Connick, Jr., District Attorney, Norma Broussard, Ellen S. Fantaci, Assistant District Attorney, Gretna, for Appellee.
Before GAUDIN, CANNELLA and DALEY, JJ.
CANNELLA, Judge.
Defendant, Eric Davis, filed an appeal asserting that his revocation of a third Operating A Motor Vehicle While Intoxicated (DWI) suspended sentence was improper because it was based on a defective first DWI conviction. We dismiss the appeal.
On July 30, 1993, defendant was charged with DWI, third offense. La.R.S. 14:98. On *1122 June 21, 1994, defendant waived his rights and entered a plea of guilty as charged, after the trial judge advised defendant of his constitutional rights under Boykin.[1] The same day, the trial court sentenced him to five years at hard labor, suspended all but six months of the sentence and placed defendant on five years active probation.
On January 26, 1995, the Louisiana Department of Corrections (Department) filed a rule to show cause why defendant's probation should not be revoked. The rule was dismissed on June 29, 1995 at the request of the Department. On May 29, 1996, the Department filed an amended rule to show cause why defendant's probation should not be revoked. Another such rule was filed on June 25, 1996, with a warrant and affidavit attached. On February 21, 1997, the trial court took up the rule to revoke. Defendant stipulated to the allegations in the rule. The trial court revoked defendant's probation on February 21, 1997 and ordered the execution of defendant's original sentence of five years at hard labor, with credit for time served.[2]
On February 28, 1997, defendant filed a motion to reconsider sentence and a motion for appeal from the revocation, alleging that the third DWI offense was based on a defective first offense conviction. The motion to reconsider was heard on April 18, 1997. The trial judge took the matter under advisement, allowing defendant time to submit a memorandum. On April 29, 1997, the trial court denied the motion to reconsider sentence and granted the motion for appeal.
A motion to reconsider sentence under La. C.Cr.P. art. 881.1 must be filed within thirty days after the imposition of sentence. It was done timely in reference to the revocation ruling. Under La.C.Cr.P. art. 914, a defendant must file an appeal no later than five days after the rendition of the judgment or ruling from which the appeal is taken, or five days from the ruling on a motion to reconsider sentence filed pursuant to Article 881.1, should such a motion be filed.
However, the revocation ruling is not appealable, but is reviewed under our supervisory jurisdiction. La.C.Cr.P. art. 912; State v. Rexford, 95-152 (La.App. 5 Cir. 6/28/95), 658 So.2d 27, 28. Nonetheless, we find jurisdictional problems in this appeal and will address them as they relate to a review of the issues in this case.
The guilty plea conviction for the first DWI offense was on March 20, 1989, the second guilty plea was on January 5, 1991 and the third was on June 21, 1994. Defendant neither appealed from the first, second or third DWI convictions, nor was he entitled to an appeal from those guilty pleas, in the absence of a reservation of the right under State v. Crosby, 338 So.2d 584 (La.1976). It is well-settled that a guilty plea waives all non-jurisdictional defects in the proceedings prior to the entry of the guilty plea and precludes review of such defects either by appeal or post conviction relief. State v. Braquet, 95-602 (La.App. 5 Cir. 1/17/96), 694 So.2d 288, 289; State v. Kafieh, 590 So.2d 100, 104-105 (La.App. 5 Cir.1991), writ denied, 625 So.2d 1053 (La.1993). Under Crosby, defendant may reserve his right to appeal an adverse prior ruling of the trial court. In this case, defendant failed to reserve the right to appeal under Crosby in any of the three guilty plea proceedings. Thus, the first, second and third DWI offense convictions and sentences are final and defendant did not seek supervisory relief from any of the convictions. Furthermore, defendant stipulated to the revocation in the revocation hearing.[3]
Upon expiration of the time limitations for seeking an appeal, the conviction and the sentence imposed become final and are no longer subject to review under ordinary appellate process, unless the defendant obtains reinstatement of his right to appeal *1123 by way of post-conviction relief. State v. Counterman, 475 So.2d 336, 338-339 (La. 1985); State v. Razza, 95-1034 (La.App. 5 Cir. 3/13/96), 671 So.2d 30, 31; State v. Ockmand, 95-413 (La.App. 5 Cir. 11/28/95), 665 So.2d 588, 589.
In this case, there is nothing in the record to show that defendant obtained reinstatement of his appeal rights by seeking post-conviction relief. In fact, the time delays for seeking such relief have passed for the 1989, the 1991 and the 1994 DWI convictions, unless defendant can show the extenuating circumstances that would permit an out of time application for post-conviction relief set forth in C.Cr.P. art. 930.8 A(1)-(4). Thus, defendant's remedy in this case is to file an application for post-conviction relief. Whether or not he should be successful in having the matter of the first DWI conviction reviewed under post-conviction relief is not for this court to determine at this time. Further, since defendant stipulated to the revocation determination, there are no other issues for this court to review herein.
Accordingly, the appeal filed by defendant is hereby dismissed.
APPEAL DISMISSED.
NOTES
[1] Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
[2] At the same time, defendant entered a guilty plea to another third offense DWI., in case number 95-6492. The trial court sentenced him to five years at hard labor for that offense, three of which were suspended. The trial court ordered that the two sentences be served consecutively.
[3] At the same time that the revocation was heard and decided, defendant pled guilty and was sentenced to another third DWI under another Bill of Information.