GRISBAUM, Judge.
The defendant-appellant, Peter T. Ngo, appeals his conviction of simple burglary, La. R.S. 14:62. We affirm.

ASSIGNMENTS OF ERROR

The defendant-appellant assigns as error the following, to-wit:
1. Defendant’s Boykin hearing was inadequate in that his sentence was vacated and enhanced after his guilty plea upon the filing of a Multiple Offender Bill by the State.
2. Trial Court erred in imposing a more severe sentence upon finding defendant a multiple offender than *719 the sentence originally imposed, which defendant has agreed to.
Defendant-appellant’s original brief at p. 6.

FACTS AND PROCEDURAL HISTORY

On September 17, 1998, defendant, Peter T. Ngo, was charged by a bill of information with simple burglary, La. R.S. 14:62, of the China Blossom 1 ¡.Restaurant at 1801 Stumpf Boulevard, Gretna, Louisiana, on July 15, 1998. At his arraignment on October 2, 1998, the defendant pled not guilty.
On January 26, 1999, the defendant withdrew his plea of not guilty and entered a plea of guilty as charged. The defendant was represented by counsel at this time. After advising the defendant of his rights, the trial court accepted the defendant’s plea of guilty as charged. The defendant was then sentenced to six years at hard labor with credit for time served.
On the same day, the State filed a multiple offender bill of information, alleging the defendant to be a second felony offender. On February 12,1999, after the defendant’s stipulation to the predicate offense, the trial court found the defendant to be a second felony offender. The original sentence was vacated, and the trial court imposed an enhanced sentence of six years at hard labor without benefit of probation or suspension of sentence. Defendant made a timely oral motion for appeal on February 18, 1999 and filed a written motion on February 25,1999.

ASSIGNMENT OF ERROR ONE

The defendant-appellant first complains that his guilty plea was invalid because it was not made knowingly and voluntarily. Specifically, the defendant-appellant argues that he would not have pled guilty if he had known that he was going to be billed and sentenced as a second felony offender.
A review of the record reveals that, during the plea colloquy and prior to his plea of guilty, no mention of a multiple offender bill of information was made to the defendant-appellant by his counsel, the trial court, or the State. However, immediately after the trial court accepted his plea of guilty, the State announced that it was filing a multiple offender bill of information alleging the defendant-appellant to be a second felony offender. At that time, the defendant-appellant did not object to the filing of the multiple bill.
| ^During the multiple offender hearing, the defendant-appellant testified that he was unaware, at the time of his plea, that he would be “double billed.” He also testified that he would not have pled guilty if he had known he could be double billed. However, the defendant-appellant stipulated that he pled guilty in 1997 to a theft charge in case No. 97-1489. Consequently, the trial court found him to be a second felony offender because “[d]efense counsel has admitted that he was previously convicted and he is one and the same person, Peter Ngo, who was convicted in [No.] 97-1489, and he is one and the same Peter Ngo who pled guilty in this Court this year.”
In State v. Barrio, 608 So.2d 641 (La.App. 5th Cir.1992), regarding a defendant’s plea of guilty, this Court set forth the following:
In Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the United States Supreme Court emphasized three federal constitutional rights which are waived by a guilty plea: the privilege against self-incrimination, the right to a trial by jury, and the right to confront one’s accusers. Because a plea of guilty waives these fundamental rights of an accused, due process requires, as a prerequisite to its validity, that the plea be a voluntary and intelligent relinquishment of known rights. The record of the plea must show that the defendant was informed of these three basic rights and then knowingly waived them. State v. Galliano, 396 *720 So.2d 1288 (La.1981); State v. Seymore, 570 So.2d 176 (La.App. 5th Cir.1990).
Id. at 642 (footnote omitted).
The transcript of the plea colloquy reflects that the defendant-appellant was informed of all three basic rights and that “to plead guilty is [a] voluntary act and must be free from any vice or defect which would render [the defendant’s] ability to plead guilty inadequate.” However he argues that, under Boykin, supra, the trial court was obligated to advise him of his sentencing exposure as a multiple offender before accepting his guilty plea.
In State v. Nuccio, 454 So.2d 93, 104-05 (La.1984), the Louisiana Supreme Court stated:
|40ur jurisprudence has never required that a defendant be informed that his guilty plea — his conviction- — may be used as a basis for the filing of a future multiple offender bill. For the most part, our application of Boykin has been with very few exceptions or expansions. Only in the extraordinary case where a plea bargain is entered, in which the prosecutor specifies a recommended sentence, will the state be barred from using the guilty plea as an enhancement predicate when the bargained plea is the one which constitutes the second offense which the prosecutor seeks to enhance, and the defendant was not informed that the district attorney could or would multiple bill him. See State v. Hayes, 423 So.2d 1111, 1114 (La.1982).
The Louisiana Supreme Court, which recently addressed this issue has found that “[a]dvice with respect to the defendant’s sentencing exposure may facilitate the taking of a voluntary guilty plea, ... but it has never formed part of this Court’s core Boykin requirements for the entry of a presumptively valid guilty plea in any case.” State v. Anderson, 98-2977 (La.3/19/99), 1999 WL 156254, 732 So.2d 517 (citations omitted).
The defendant-appellant also argues that because there is a specified sentence, then he falls under the extraordinary case, State v. Hayes, 423 So.2d 1111 (La.1982), discussed in Nuccio, supra. The Louisiana Supreme Court, in Hayes, supra, held
the defendant Hayes should indeed have been allowed to withdraw his guilty plea when multiple billed by the district attorney, because the defendant justifiably believed when he pled guilty to the four charges, that he would not, for those four convictions, be exposed to any greater sentence than he originally received.
Id. at 1112. Here, the sentence imposed upon the defendant-appellant as a multiple offender was not more severe than the sentence he received pursuant to his plea agreement; accordingly, this case is distinguishable from Hayes, supra. Accordingly, because defendant-appellant did not receive a greater- sentence as a result of being adjudicated a second felony offender, and because we find that the trial court was not required to inform the defendant-appellant that his guilty |Bplea could be used as a basis for the filing of the multiple offender, we find that his plea was knowing and voluntary. Ergo, we find this assignment lacks merit.

ASSIGNMENT OF ERROR TWO

The defendant-appellant next argues that the trial court erred in imposing a more severe sentence as a second felony offender than the sentence imposed for the original offense. He was originally sentenced to six years at hard labor after the trial court accepted his plea of guilty. Upon finding the defendant-appellant as a second felony offender, the trial court vacated the original sentence and again sentenced him to six years at hard labor.
Although the defendant-appellant admits that, on its face, the discrepancy is not apparent, he argues that the enhanced sentence is more severe because it changes the way parole is granted. Specifically, the defendant-appellant argues that a first time offender sentenced to six years at hard labor is eligible for parole in *721 two years whereas a second felony offender sentenced to six years is eligible for parole after three years. La. R.S. 15:574.4(A)(1). The defendant-appellant fails to notice that La. R.S. 15:574.4(A)(1) changes the parole eligibility “upon conviction of a second felony offense.” Specifically, “upon conviction of a second felony offense, such person shall be eligible for parole consideration upon serving one-half of the sentence imposed.” La. R.S. 15:574.4(A)(1). Since the defendant-appellant admitted that he was previously convicted of felony theft, La. R.S. 14:67(B)(2), he is eligible for parole after serving one-half of his six-year sentence, specifically after three years. Accordingly, the defendant-appellant would not be eligible for parole before he has served three years, regardless of whether he was multiple billed.
The defendant-appellant also argues that a further discrepancy exists in the ways in which diminution of his sentence or “good time” was calculated. However, under La. R.S. 15:571.3(C)(l)(m), because the defendant-appellant was previously convicted of felony theft, La. R.S. 14:67(B)(2), he would not be fallowed a diminution of his sentence, regardless of whether he was multiple billed. Therefore, we find this assignment merits no consideration.

ERRORS PATENT

We have reviewed the record for errors patent and have found none.
For the reasons assigned, we affirm the defendant-appellant’s conviction and sentence.

AFFIRMED.