761 So.2d 791 (2000)
STATE of Louisiana
v.
Marlon A. KING.
No. 99-KA-1348.
Court of Appeal of Louisiana, Fifth Circuit.
May 17, 2000.
*792 Margaret S. Sollars, Thibodaux, Louisiana, Attorney for Defendant/Appellant.
Paul D. Connick, Jr., District Attorney, Thomas J. Butler, Terry M. Boudreaux, Nancy Miller, Assistant District Attorneys, Gretna, Louisiana, Attorneys for Plaintiff/Appellee.
Panel composed of Judges CHARLES GRISBAUM, Jr., THOMAS F. DALEY and MARION F. EDWARDS.
DALEY, Judge.
Defendant, Marlon A. King, appeals the denial of his Motion to Withdraw a Guilty Plea. We affirm.
Defendant was charged with armed robbery, a violation of LSA-R.S. 14:64. He was arraigned on November 13, 1998, at which time he pled not guilty. On March 26, 1999, the trial court heard and denied the defendant's motions to suppress the search and to suppress statement. The case proceeded to trial on June 21, 1999. However, subsequent to jury selection and opening statements, the defendant withdrew his former plea of not guilty, and, upon being advised of his rights by the court, pled guilty as charged. The trial court then sentenced the defendant to 49½ years at hard labor without benefit of probation, parole, or suspension of sentence.
As part of the plea agreement, the State agreed to file a multiple Bill of Information only alleging the defendant to be a second felony offender, and the trial court agreed that the defendant's sentence, as a multiple offender, would be the same 49½ years at hard labor. On June 22, 1999, the State filed a multiple offender Bill of Information alleging the defendant to be a second felony offender. The defendant made an oral Motion to Withdraw his Guilty Plea, alleging that he did not understand he was to be multiple billed. However, after some discussion, the defendant admitted *793 to being a second felony offender, and the trial court vacated his original sentence, and sentenced him to 49½ years at hard labor without benefit of probation, parole, or suspension of sentence. The defendant filed a timely appeal.[1]
On appeal, King argues two Assignments of Error: 1) The trial court erred by failing to suppress the defendant's statements and physical evidence obtained in violation of his constitutional rights, and 2) alternatively, the trial court erred by failing to grant the defendant's request to withdraw his guilty plea.

ASSIGNMENT OF ERROR NUMBER ONE
The defendant, who pled guilty to the charge of armed robbery, alleges that the trial court erred by denying his motions to suppress the evidence and statements. A guilty plea normally waives all nonjurisdictional defects in the proceedings prior to entry of the guilty plea, and precludes review of such defects either by appeal or post conviction relief. State v. Davis, 97-850 (La.App. 5 Cir. 2/11/98), 708 So.2d 1121. A defendant may be allowed appellate review if at the time he enters a guilty plea, he expressly reserves his right to appeal a specific adverse ruling in the case. State v. Crosby, 338 So.2d 584 (La. 1976); State v. Davis, supra. Under Crosby, defendant may reserve his right to appeal an adverse prior ruling of the trial court. In this case, defendant failed to reserve the right to appeal under Crosby in the guilty plea proceedings. Accordingly, this issue was not properly preserved for appeal and we decline to consider it. State v. Davis, 708 So.2d at 1122; State ex rel. K.H., 98-632 (La.App. 5 Cir. 12/16/98), 725 So.2d 583, 585.

ASSIGNMENT OF ERROR NUMBER TWO
The defendant argues that the trial court erred in failing to grant his Motion to Withdraw his Plea of Guilty. Defendant pled guilty to the charges against him on June 21, 1999. As a term of the plea agreement, the State agreed not to file a multiple offender Bill of Information alleging the defendant to be a triple or quadruple offender. The trial court agreed that it would sentence the defendant to 49½ years at hard labor, and, should the defendant be found a second felony offender, the trial court would reinstate the same 49½ year sentence. On June 22, 1999, the defendant stipulated to being a second felony offender, and the trial court vacated the defendant's original 49½ year sentence and sentenced the defendant to 49½ years' imprisonment as a second felony offender. The following day, the defendant filed a pro se Motion to Withdraw his Guilty Plea, alleging that he did not understand, at the time of the plea, that he would be sentenced as a habitual offender.
LSA-C.Cr.P. art. 559 A gives the trial judge the discretion to permit the withdrawal of a guilty plea at any time prior to sentencing. However, this discretion cannot be exercised arbitrarily, and abuse of discretion can be corrected on appeal. State v. Calhoun, 96-0786 (La.5/20/97), 694 So.2d 909. As a general rule, a denial of a motion to withdraw a guilty plea will not be reversed on appeal if the record clearly shows that the defendant was informed of his rights and of the consequences of his plea, and that the plea was entered voluntarily. State v. Guzman, 95-444 (La.App. 5 Cir. 11/15/95), 665 So.2d 512, writ denied, 95-2853 (La.2/28/96), 668 So.2d 366.
Because a plea of guilty waives an accused's fundamental right to a jury trial, right to confront his accusers, and his privilege against self-incrimination, due process requires, as a prerequisite to its *794 validity, that the plea be a voluntary and intelligent relinquishment of known rights. The record of the plea must show that the defendant was informed of these three basic rights and then knowingly and intelligently waived them. State v. Gonzales, 97-767 (La.App. 5 Cir. 1/14/98), 707 So.2d 82, 83-84.
The defendant, in the instant case, attempted to withdraw his guilty plea subsequent to sentencing. This court has held that, once the defendant has been sentenced, in order for a guilty plea to be withdrawn, it must be found to be constitutionally infirm. State v. Gross, 95-621 (La. App. 5 Cir. 3/13/96), 673 So.2d 1058, 1059. The transcript of the plea colloquy in the instant case reveals that the defendant was informed of all three basic rights. Therefore, it does not appear as if the plea was constitutionally infirm.
The defendant argues that the plea was not voluntary because he was unaware that he would be billed as a multiple offender. The transcript of the plea colloquy and of the defendant's stipulation to the multiple offender Bill of Information, however, reveal that the defendant was very specifically told that he would be sentenced as a multiple offender, receiving the same sentence as that imposed upon his conviction for the offense, and the defendant indicated that he understood his sentence.
The Court:
Have you been advised by your counsel that in the event I accept your plea of guilty, that you will be sentenced as follows? I will sentence you to forty-nine and a half years at hard labor without benefit of parole, probation or suspension of sentence and order that you be given credit for any time you have already served in jail. Also, the district attorney has agreed to multiple bill you only as a second offender. And as a second offender, as a second offender the potential range of sentences if you are found to be a second offender and convicted of Armed Robbery goes from forty-nine and a half years to one hundred and ninety-eight years. I will agree to sentence you only, if you are found to be a second offender, only to the minimum of the forty-nine and a half year sentence. I will not increase your sentence. Do you understand that? Do you understand? Because it could go all the way up to one hundred and ninety-eight.
The Defendant:
Right.
The Court:
And I'm only going to give you the forty-nine and a half.
. . . .
Forty-nine and a half years without benefit of parole, probation or suspension of sentence. Under the law the crime of Armed Robbery, by law, any sentence that is given has to be without parole, probation or suspension of sentence. That is, it's written in the statute. It cannot be changed. So I can give you, to start off, five to ninety-nine. I'm only going to give you forty-nine and a half. They're going to multiple bill you. Once they multiple bill you, if they show, if you've been proved, if you've been convicted, of another crime before, you can be found a double, a triple, depending on how many times. They have agreed only to double bill you. Only to say you've been convicted of one other crime, regardless of how many you have. If that is true, under the law, the sentence can change. The sentence goes from a minimum of forty-nine and a half to a maximum of one hundred and ninety-eight. So I could give you one hundred and ninety-eight years. I've told you what I'm going to do is give you forty-nine and a half.
The Court:
Do you understand that?
The Defendant:
(No response).
The Court:

*795 Do you understand that?
The Defendant:
Yes, sir.
(Emphasis added.)
Despite this colloquy, on June 22, 1999, the defendant nonetheless alleged that he did not understand that he would be billed as a second offender. The record reflects that the trial court again explained that issue extensively.
The Defendant:
Excuse me. That's the whole plea. I didn't know nothing about no bill. I was understood that the plea was just the plea. I didn't know I was going to get billed. If I'd a known I was going to get billed I told him I would like to go to trial.
The Court:
Well, I'm not going to sit here an [sic] argue with you, but I sat down here and took a long [time] explaining to you that they're going to file a multiple bill and their attempt is to show that you committed a crime or pled guilty to a crime at a previous date. They were going to file it. I would hear it. If I found it I would still only give you the same amount of time. I told you. I went over and over it for a long time telling you that. So, if you said you weren't explained, well, the record will reflect differently, I think.
Mr. Bankston (Defense Counsel):
Your Honor, I think the difficulty is that Mr. King does not realize that he is not going to get any additional time as a result of the multiple bill.
The Court:
Well, if they triple bill youthey agreed not to triple bill youif they triple billed you and you were found to be a three-time with a crime of violence, the penalty on the multiple bill for a three-time convicted felon with a crime of violence, the automatic, the only penalty, is life. It's not zero to life. It's life. That's what it is. And the district attorney, by plea bargain, agreed not to do that. Now, I can tell you, but I can't understand it for you. And I'm not going to sit here and debate with you. The only thing right now, you entered a plea yesterday. We've got a multiple bill filed today. You can plead guilty or not guilty to it. That's up to you.
. . . .
Subsequent to this colloquy, after discussion with his attorney, the defendant stipulated to being a second felony offender.
In a similar case, where the defendant alleged that he was unaware, at the time of his guilty plea, that he would be double billed, this court upheld the trial court's denial of the defendant's Motion to Withdraw Guilty Plea. State v. Ngo, 99-277 (La.App. 5 Cir. 6/30/99), 738 So.2d 718. In the instant case, the record reflects that the defendant was made aware of the fact that he would be billed as a second felony offender. Moreover, the defendant did not receive a greater sentence as a result of being adjudicated a second felony offender. Accordingly, the trial court did not err in its denial of the defendant's Motion to Withdraw his Guilty Plea. State v. Ngo, 738 So.2d at 720.
The defendant argued in his Motion to Withdraw the Guilty Plea that the 49½-year sentence imposed upon him as a second felony offender was more severe than the 49½-year sentence originally given him. The defendant reasoned that the sentence was more severe because of the way diminution of his sentence or "good time" would be calculated. However, under LSA-R.S. 15:571.3, because the defendant was convicted of a violation of LSA-R.S. 14:64, and because he was previously convicted as a felon in possession of a firearm, the defendant would not be allowed a diminution of his sentence regardless of whether he was multiple billed. State v. Ngo, 738 So.2d at 721. Accordingly, the trial court did not err in denying defendant's Motion to Withdraw his Guilty Plea.

*796 ERROR PATENT DISCUSSION

The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Godejohn, 425 So.2d 750 (La.1983); State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La. App. 5 Cir.1990). The review reveals no errors patent in this case.
AFFIRMED.
NOTES
[1] On July 23, 1999, the defendant filed a pro se motion to withdraw his guilty plea. However, that motion was already denied by the trial court prior to the defendant's stipulation to being a second felony offender. It is the denial of that motion which the defendant raises as error on this appeal.