788 So.2d 630 (2001)
STATE of Louisiana
v.
Lawrence RAINES.
No. 00-KA-1942.
Court of Appeal of Louisiana, Fifth Circuit.
May 30, 2001.
*631 Paul D. Connick, Jr., District Attorney, Churita H. Hansell, Terry M. Boudreaux, Joan S. Benge, Assistant District Attorneys, Gretna, LA, for Plaintiff-Appellee.
James A. Williams, Kevin V. Boshea, Michelle H. Hesni, Davidson S. Ehle, III, Gretna, LA, for Defendant-Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., CLARENCE E. McMANUS and JAMES L. GULOTTA, Pro Tempore.
DUFRESNE, Chief Judge.
The Jefferson Parish District Attorney filed a bill of information on July 9, 1999, charging defendant with possession of cocaine, in violation of LSA-R.S. 40:967C. At the July 30, 1999 arraignment, defendant pled not guilty. Defendant filed various pre-trial motions, including a motion to suppress evidence and motion to suppress statements. On December 14, 1999, the trial judge heard and denied the motions. Following this denial, defendant withdrew his not guilty plea, and after being fully advised of his rights under Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, he entered a plea of guilty to possession of cocaine. The court accepted defendant's guilty plea, which was tendered under the provisions of North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). On June 13, 2000, *632 defendant moved to withdraw his guilty plea. The trial court denied the motion, and then sentenced defendant to five years at hard labor. The judge ordered that the sentence run concurrently with the sentences imposed in two other cases. Defendant now appeals.

FACTS
The underlying facts in this case are found in the testimony given at the suppression hearing on December 14, 1999. Deputy Kevin Decker of the Jefferson Parish Sheriff's Office testified that on the morning of June 18, 1999, he and his partner were on routine patrol in what they knew to be a high crime area of Marrero. At 1:54 a.m., the officers spotted a Chevrolet Suburban parked on Robinson Avenue with its lights off. The officers turned their high-beam lights on the vehicle and observed that there were two men inside and one man, defendant, standing next to it. Defendant was leaning into the window's vehicle and appeared to be engaged in a hand-to-hand transaction with the vehicle's occupants.
Decker suspected the subjects were engaged in a narcotics transaction, so he and his partner approached the Suburban to question defendant. Defendant then walked away from the vehicle and shoved his fist into his left front pocket. Concerned that defendant might be trying to hide a weapon, Decker had him step to the rear of the police car, and performed a pat-down search of his clothing. Decker testified that he felt a rock-like object, similar in size and shape to crack cocaine, in the pocket of defendant's shorts. He asked defendant what the object was and defendant responded that it was a "ten dollar rock."
Decker placed defendant under arrest and advised him of his rights. He then performed a search of defendant's person incident to arrest. The officer found and seized a cigarette package containing additional crack cocaine. Decker and his partner transported defendant to jail. Once there, Decker removed the crack from the cigarette package. At that time, defendant said, "I didn't know I broke that much off that rock."

ASSIGNMENT OF ERROR NUMBER ONE
In his first assigned error, defendant contends that the trial court erred by denying his motion to suppress evidence. A guilty plea normally waives all nonjurisdictional defects in the proceedings leading up to the guilty plea, and precludes review of such defects either by appeal or post conviction relief. State v. King, 99-1348 (La.App. 5 Cir. 5/17/00), 761 So.2d 791. A defendant may be allowed appellate review if at the time he enters a guilty plea, he expressly reserves his right to appeal a specific adverse ruling in the case. State v. Crosby, 338 So.2d 584 (La.1976). In the present case, defendant failed to reserve his right to appeal the trial court's denial of his motion to suppress evidence pursuant to State v. Crosby, supra. Accordingly, this issue was not properly preserved for appeal, and we decline to consider it. State v. King, supra.

ASSIGNMENT OF ERROR NUMBER TWO
In his second assigned error, defendant contends that the trial court erred in denying his motion to withdraw his guilty plea. Because a plea of guilty waives an accused's fundamental rights to a jury trial and to confront his accusers, and his privilege against self-incrimination, due process requires, and the record must show, that the plea was a voluntary and intelligent relinquishment of those rights. Boykin v. Alabama, supra; State v. King, *633 supra; State v. Gonzales, 97-767 (La.App. 5 Cir. 1/14/98), 707 So.2d 82.
Louisiana Code of Criminal Procedure article 559A gives the district court judge the discretion to permit a withdrawal of a guilty plea at any time prior to sentencing. However, this discretion cannot be exercised arbitrarily, and abuse of discretion can be corrected on appeal. State v. Calhoun, 96-0786 (La.5/20/97), 694 So.2d 909. Generally, a denial of a motion to withdraw a guilty plea will not be reversed on appeal if the record clearly shows the defendant was informed of his rights and the consequences of his plea, and that the plea was entered into voluntarily. State v. King, supra; State v. Guzman, 95-444 (La.App. 5 Cir. 11/15/95), 665 So.2d 512, writ denied, 95-2853 (La.2/28/96), 668 So.2d 366.
On December 14, 1999, defendant entered guilty pleas to the instant cocaine possession charge as well as to an unrelated theft charge. He was also found guilty by a jury of cocaine distribution on that day. Prior to sentencing on June 13, 2000, defendant made an oral motion to withdraw his guilty plea, arguing the plea was not made knowingly and voluntarily. The judge denied the motion, stating he had conducted the Boykin proceeding, and he was convinced defendant's plea was voluntary. Defendant now appeals that denial. He specifically complains that the trial court based its ruling on the Boykin colloquy, when it should have considered how other factors, such as two other felony convictions entered on the same day, impacted the voluntariness of his guilty plea in the instant case. Defendant moves this court to order an evidentiary hearing for the purpose of determining the impact the other convictions had on the voluntariness of his guilty plea.
We have considered defendant's arguments and find them to be without merit. In the present case, the record clearly shows that defendant was informed of his rights as well as the consequences of his guilty plea, and further that he knowingly and voluntarily waived those rights.
The trial judge began the Boykin colloquy by acknowledging that defense counsel had explained to defendant the three Boykin rights. Defendant stated he understood those rights, and the consequences of waiving them. Defendant informed the court that he was 52 years of age, and that he had completed the twelfth grade. He said he was able to read and write, and to understand the English language.
The court advised defendant that the maximum sentence it could impose for possession of cocaine was five years and/or a $5,000.00 fine. Defendant indicated he understood. The court asked defendant whether he understood the elements of possession of cocaine, and defendant responded that he did. The judge asked defendant whether anyone had used force, intimidation, coercion or promises in order to compel him to testify. Defendant responded, "No." The judge explained to defendant that his sentence would be based on the recommendations in the pre-sentence investigation report, and defendant again indicated that he understood.
The plea colloquy continued as follows:
THE COURT:
All right. You have the right to a trial by jury, which jury may either find you guilty as charged, guilty of a lesser crime, or not guilty. You have the right to retain an attorney of your choice to defend you at the trial; if you cannot afford an attorney, one will be appointed for you, which will cost you nothing. By entering a plea of guilty, you're waiving or giving up these rights; do you understand that?
THE DEFENDANT:

*634 Yes.
THE COURT:
At any trial you have the right to confront your accusers and to compel testimony on your behalf from your witnesses. By entering a plea of guilty, you are waiving or giving up these rights, also; do you understand that?
THE DEFENDANT:
Yes.
THE COURT:
At any trial you have a privilege against self-incrimination; in other words, the right to remain silent, and the silence cannot be held against you; do you understand that?
THE DEFENDANT:
Yes.
THE COURT:
If you were to go to trial and in the event of a conviction; that is, should the jury find you guilty, you have the right of an appeal. Again, in the event of an appeal, if you could not afford an attorney, one would be appointed for you, which would cost you nothing. By entering a plea of guilty, you're waiving or giving up these rights; do you understand that?
THE DEFENDANT:
Yes.
THE COURT:
Do you understand you're pleading guilty to a felony?
THE DEFENDANT:
Yes.
THE COURT:
You understand that from this day forward you will be a convicted felon?
THE DEFENDANT:
Yes.
The record shows that defendant was fully informed of his rights and the consequences of his guilty plea. He was informed of the nature of the charge against him and the statutory sentencing range. There is no indication in the Boykin colloquy that defendant did not understand his rights or the consequences of waiving them. Moreover, defendant and his attorney completed a guilty plea form, which contains the rights explained to him by the judge. Defendant told the court he was ready to waive his rights and plead guilty under Alford.
As shown by the foregoing discussion, defendant was fully informed of his rights as well as the consequences of his guilty plea. The record does not show that defendant was misled by either the trial court or his attorney. Further, there is no indication that defendant's guilty plea was in any way coerced. It appears from defendant's comments in the sentencing transcript that he felt the ten year sentence imposed for his distribution of cocaine conviction was excessive. However, defendant's distress over his sentence in another case does not constitute sufficient grounds for withdrawal of the guilty plea in the instant case. The trial court made no promises to defendant regarding his sentences in any of the three felony cases. A guilty plea will not be set aside upon a defendant's unfulfilled expectation of gaining release as early as possible. State v. Perrilloux, 99-1314 (La.App. 5 Cir. 5/17/00), 762 So.2d 198.
Based on the foregoing, we find that the trial court did not abuse its discretion in denying defendant's motion to withdraw his guilty plea.

ERROR PATENT DISCUSSION
We have reviewed the record for errors patent according to LSA-C.Cr.P. art. 920 and State v. Oliveaux, 312 So.2d 337 (La. 1975). Our review reveals no errors patent in this case.
*635 For the reasons set forth herein, we affirm defendant's conviction and sentence.
AFFIRMED.