845 So.2d 1233 (2003)
STATE of Louisiana
v.
Lenny LANDRY.
No. 02-KA-1242.
Court of Appeal of Louisiana, Fifth Circuit.
April 29, 2003.
*1234 Paul D. Connick, District Attorney, Thomas J. Butler, Terry M. Boudreaux, Cameron M. Mary, Assistant District Attorneys, Parish of Jeferson, State of Louisiana, Gretna, LA, for Plaintiff/Appellee.
Bertha M. Hillman, Louisiana Appellate Project, Thibodaux, LA, for Defendant/Appellant.
Panel composed of Judges SOL GOTHARD, MARION F. EDWARDS and SUSAN M. CHEHARDY.
SOL GOTHARD, Judge.
In the appeal of this criminal matter defendant, Lenny Landry, asserts that his guilty plea was not knowingly and intelligently entered. He maintains he mistakenly entered a plea of guilty under North Carolina v. Alford,[1] while his intent was to enter the plea under State v. Crosby,[2] thereby preserving his right to appeal.
The record shows that defendant was charged by bill of information with possession with intent to distribute diazepam in violation of LSA-R.S. 40:969(A). He was arraigned and pled not guilty. Subsequently, that plea was withdrawn and a plea of guilty pursuant to North Carolina v. Alford was entered. Defendant waived delays and was sentenced on the same day to imprisonment at hard labor for fifteen years. The State filed a multiple offender bill of information alleging that defendant was a second felony offender. Defendant stipulated to the charge in the multiple offender bill and was adjudicated a multiple offender. The court vacated the original sentence and imposed a sentence of fifteen years at hard labor.
Defendant filed a pro se motion for out-of-time appeal that was denied by the trial court. Defendant then filed an application for post-conviction relief seeking to reinstate his right to appeal, which was granted.
In brief to this Court, defendant argues his guilty plea was not knowingly and intelligently entered because he thought he was entering the plea under State v. Crosby, thereby preserving a pre-plea error for appeal. Defendant does not specify the pre-plea ruling in which the error occurred.
The record shows that, on September 4, 2001, defendant withdrew his plea of not guilty and entered a plea of guilty under North Carolina v. Alford. During the Boykin[3] colloquy, defendant testified that he was 24 years old, had completed the eleventh grade, could read and write English, and that he had reviewed the waiver of rights form with his attorney. He testified that the crime occurred on April 9, 2000, that he understood the maximum *1235 penalty that could be imposed was 30 years at hard labor, and that if he was convicted of another crime within ten years of the expiration of the sentence for this conviction, he could be adjudicated as a multiple offender. Defendant further stated that this plea was his decision, and that no one had forced or threatened him or a member of his family in order to enter this plea.
Defendant further testified his counsel advised him that, in the event the court accepted his guilty plea, the State would file a multiple bill alleging him to be a second felony offender. Defendant also stated that he understood that if he would plead guilty to that multiple bill, the court would sentence him to fifteen years as a second offender. Defendant stated that he understood he was waiving his right to a jury trial, his right to confront his accusers, and his right to compel testimony from his witnesses.
The following exchange then occurred:
THE COURT:
If you were to go on trial and in the event of a conviction, you would have the right to an appeal. If you could not afford an attorney to represent you on appeal, one would be appointed to represent you. Do you understand that by entering this plea, you're waiving or giving up your rights to an appeal?
DEFENDANT:
Yes, ma'am.
THE COURT:
If the Court accepts your guilty plea, you do not have the right to assert any allegations of defect, such as an illegal arrest, an illegal search and seizure, an illegal confession or lineup, and the fact that the State might not be able to prove this charge or that a jury would find you not guilty. Do you understand that by entering this plea, you're waiving or giving up these rights?
DEFENDANT:
Yes, ma'am.
THE COURT:
Do you understand that by entering this plea you're telling this Court that you have, in fact, committed this crime? Excuse me. That's not correct. That's not the case.
MR. ARCHER: [Defendant's attorney]
Judge, I think in Alford v. North Carolina [North Carolina v. Alford] he's acknowledging that this is a guilty plea; it has all the ramifications of a conviction.
THE COURT:
Right.
MR. ARCHER:
However, he's entering a plea because it's in his best interest.
THE COURT:
Right. So just omit that question. Strike that question from the Boykin.

Defendant's attorney stated he was satisfied that his client knowingly, willingly, intelligently, freely, and voluntarily entered the guilty plea. Defendant testified that all of his rights had been explained to him by his attorney and by the trial judge, that he was waiving or giving up those rights, that his act of pleading guilty was a knowing, intelligent, free, and voluntary act on his part, and that he signed the Boykin form.
The trial judge subsequently stated that she was satisfied that the defendant understood the consequences of his guilty plea, *1236 that he made a knowing, intelligent, free, and voluntary act of pleading guilty to the crime with which he was charged, and that she accepted the plea. Defendant waived sentencing delays, and the trial judge sentenced defendant to fifteen years at hard labor. The State then filed a multiple bill that alleged defendant is a second felony offender. Defendant stipulated to the multiple bill.
The trial judge asked defendant if he understood that he had a right to a hearing in this matter, that he had the right to call witnesses and to confront his accusers, that he had the right against self-incrimination, that by entering his plea he was giving up or waiving those rights, and that he was stipulating that he was a double offender under LSA-R.S. 15:529.1. Defendant responded affirmatively. The trial judge subsequently accepted the plea and found that defendant was a double offender. Defendant waived sentencing delays, and the trial judge vacated the original sentence and sentenced defendant to fifteen years at hard labor.
The prosecutor subsequently told the trial judge he needed to take a note of evidence from defendant. Defendant testified that he was arrested on April 9, 2000, that Wilma Curse was in the house with him that day, that there were fifty-one tablets of Valium found in the house pursuant to a consent to search, and that the Valium belonged to him. Defendant further testified that, if the State proceeded against Ms. Curse as charged, with possession with intent to distribute, that he would testify on her behalf, and that he would testify that the Valium found in the house belonged to him.
Defendant argues that his guilty plea was not knowingly and intelligently entered. He claims that, although he pled guilty under North Carolina v. Alford, he thought he was pleading guilty under State v. Crosby, which would have reserved his right to appeal pre-plea error. The State responds that the record does not support this claim.
A guilty plea normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea, and precludes review of such defects either by appeal or post-conviction relief. State v. Raines, 00-1942 (La.App. 5 Cir. 5/30/01), 788 So.2d 630, 632. However, a defendant may be allowed appellate review if at the time he enters a guilty plea, he expressly reserves his right to appeal a specific adverse ruling in the case. State v. Crosby, supra; State v. King, 99-1348 (La.App. 5 Cir. 5/17/00), 761 So.2d 791, 793, writ denied, 00-1824 (La.6/29/01), 794 So.2d 822.
The "best interest" or Alford plea, which derives from the U.S. Supreme Court case, North Carolina v. Alford, supra, is one in which the defendant pleads guilty while maintaining his innocence. In that case, the United States Supreme Court ruled that a defendant may plead guilty, without foregoing his protestations of innocence, if "the plea represents a voluntary and intelligent choice among the alternative courses of action open to defendant[,]... especially where the defendant was represented by competent counsel whose advice was that the plea would be to the defendant's advantage." North Carolina v. Alford, supra, 400 U.S. at 31, 91 S.Ct. at 164.
In a case involving a bona fide Alford plea, the record must contain "strong evidence of actual guilt." North Carolina v. Alford, supra, 400 U.S. at 38, 91 S.Ct. at 167. This Court has held that where a *1237 defendant pleads guilty under Alford, "constitutional due process requires that the record contain `strong evidence of actual guilt.'" State v. Villarreal, 99-827 (La.App. 5 Cir. 2/16/00), 759 So.2d 126, 129, writ denied, 00-1175 (La.3/16/01), 786 So.2d 745.
In the instant case, defense counsel stated on the record during the Boykin colloquy that defendant was pleading guilty under Alford. In fact, when the trial judge asked defendant during the Boykin colloquy whether he was telling the court he had committed the crime, the trial judge stopped, said that was not correct, and struck the question from the Boykin examination. Defense counsel reiterated that defendant was pleading guilty under Alford because it was in his best interest.
Further, during the Boykin colloquy, defendant testified that, by pleading guilty, he understood that he was waiving or giving up his right to an appeal. Also during the Boykin colloquy, defendant testified that he understood that if the court accepted his guilty plea, he would not have the right to assert any allegations of defect, such as an illegal arrest, an illegal search and seizure, an illegal confession or lineup. Defendant also testified that all of his rights had been explained to him by his attorney and by the trial judge, that he was waiving or giving up those rights, that his act of pleading guilty was a knowing, intelligent, free, and voluntary act on his part, that no one had forced him to plead guilty, and that he had signed the Boykin form.
On the waiver of rights form, defendant initialed the paragraph that stated he was pleading guilty under Alford. He initialed the paragraph that stated he understood that by entering a guilty plea, he was giving up his right to an appeal and to an attorney to represent him on appeal. Defendant initialed the paragraph that stated he understood that, if he pled guilty, he was giving up his right to assert any allegations of defect. Defendant signed the waiver of rights form indicating that all of his rights had been explained to him, that he understood he was giving up certain rights, and that his act of pleading guilty was a knowing, intelligent, free, and voluntary act.
Defendant's attorney signed the waiver of rights form following the paragraph that stated he had explained defendant's rights to him, including that defendant would only have the right to appeal jurisdictional defects if he pled guilty. Defendant's attorney also indicated during the Boykin colloquy and in the waiver of rights form that he was satisfied that defendant knowingly, willingly, intelligently, and voluntarily entered the guilty plea knowing the consequences.
The record does not support defendant's contention that he believed he was pleading guilty under Crosby. Crosby was never mentioned either during the Boykin colloquy or in the waiver of rights form. Defendant never stated during the Boykin colloquy or in the waiver of rights form that he wanted to preserve his right to appeal a specific adverse ruling of the court. Finally, defendant does not state in his brief the specific adverse ruling he claims he intended to preserve for appeal; and, the record does not reflect that there was an adverse ruling for defendant to appeal. Therefore, a plea under Crosby would have been useless, as was noted by the State in its brief. Based on the foregoing, we find that defendant's assignment of error is without merit. Accordingly, we affirm the criminal adjudication and sentence.
*1238 Upon review of the record for errors patent, we find that the trial court did not indicate to defendant when the prescriptive period for filing post-conviction relief pursuant to LSA-C.Cr.P. art. 930.8 began to run. Accordingly, we remand the matter to the trial court with an order to inform the defendant of the provisions of LSA-C.Cr.P. art. 930.8 by sending appropriate written notice to him within ten days of the rendition of this Court's opinion, and to file written proof that defendant received the notice in the record. See, State v. Gibson, 97-1203 (La.App. 5 Cir. 3/25/98), 708 So.2d 1276, 1281.
AFFIRMED AND REMANDED.
NOTES
[1] North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).
[2] State v. Crosby, 338 So.2d 584 (La.1976).
[3] Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).