STATE OF LOUISIANA

VERSUS

JEREMY ANDRE SINCENO

NO. 22-KH-334

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Susan S. Buchholz
First Deputy, Clerk of Court

July 27, 2022

Susan Buchholz
First Deputy Clerk

**IN RE** STATE OF LOUISIANA

---

**APPLYING FOR** SUPERVISORY WRIT FROM THE FORTIETH JUDICIAL DISTRICT COURT, PARISH OF ST JOHN THE BAPTIST, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE VERCELL FIFFIE, DIVISION "A", NUMBER 21,320

---

Panel composed of Judges Marc E. Johnson,
John J. Molaison, Jr., and June B. Darensburg

## WRIT GRANTED IN PART; APPLICATION TRANSFERRED

The defendant's sentence and conviction are not yet final because the allotted time for filing an appeal has not lapsed pursuant to La. C.Cr.P. art. 914, as of the filing of the State's writ application.[1] Accordingly, we find that our supervisory jurisdiction is properly invoked in this matter. However, based upon the limited record before us, which includes a transcript of the *Boykin*[2] colloquy and the defendant's waiver of rights form, we find contradictions which preclude a ruling on the merits of the State's assigned error. It is unclear as to the exact terms of the plea agreement between the State and the defendant, whether the sentence was imposed pursuant to that plea agreement, and whether the trial court ultimately accepted the defendant's plea pursuant to a reservation of rights the defendant did not wish to make.

### *The Boykin form*

Section 6 of The Waiver of Constitutional Rights And Plea of Guilty in 2021-CR-320, contains conflicting information. First, the defendant acknowledges that "[T]his plea is entered and accepted under the following indicated special circumstances: NONE of the following special circumstances apply in this case." However, in this same section, the defendant contradicts this declaration by indicating that his plea was being made pursuant to both *North Carolina v. Alford*,

---

[1] Here, the record shows that the defendant was sentenced on June 22, 2022. When a defendant fails to move for an appeal within the 30-day window of time allotted by La.C.Cr.P. art. 914, the conviction and sentence become final. La. C.Cr.P. art. 881.1 similarly provides a 30-day window for filing an oral or written motion for reconsideration, which can be extended by the trial court.
[2] *Boykin v. Alabama,* 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274 (1969).

22-KH-334

400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), and *State v. Crosby*, 338 So.2d 584 (La.1976). The record does not indicate at what point in the proceedings the *Boykin* form may have been changed, or by whom.

### Agreement of the parties

In determining the validity of agreements not to prosecute or of plea agreements, the courts generally refer to rules of contract law. *State v. Nall*, 379 So.2d 731 (La.1980); *State v. Lewis*, 539 So.2d 1199 (La.1989). As noted by the Louisiana Supreme Court in *State v. Louis*, 94-0761 (La. 11/30/94), 645 So.2d 1144, 1149, "A contract is formed by the consent of the parties established through offer and acceptance." In the instant case, it appears that the defendant's plea agreement with the State originally included a stipulation that the plea would not be entered under any "special circumstances," specifically a plea pursuant to *Alford* or *Crosby*. This is referred to in the *Boykin* form, and acknowledged by both the trial Judge and the defendant in open court.

During the plea colloquy, however, the trial judge made an inquiry into the factual basis for the plea. While the defendant admitted his guilt to the charged offenses, the trial court made an observation about the initial traffic stop that ultimately led to the defendant's arrest. This, in turn, prompted defense counsel to request that the trial court allow the defendant to make a *Crosby* plea, in order to preserve any evidentiary issues. The State objected and made clear that the plea agreement between the parties did not provide such a stipulation, although it would be willing to allow the defendant to make an *Alford* plea. Later, in the proceedings, defense counsel indicated that the defendant would, in fact, make his plea pursuant to *Alford*. This plea would appear to comport with the agreement between the State and defendant. It is also clear, however, that if the defendant seeks to challenge the evidence against him, or otherwise plead guilty under *Crosby*, the State would then withdraw from the plea agreement.

### A Crosby plea

The last request from defense counsel on the record was to make the plea pursuant to *Alford*. The trial court, however, indicated that it would accept the plea under *Crosby*. As observed above, the defendant appears to have withdrawn his request to do so, but he also did not object to the trial court's action, which was contrary to the agreement between the State and defendant.

A guilty plea normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea and precludes review of such defects either by appeal or post-conviction relief. *State v. Raines*, 00-1942 (La. App. 5 Cir. 5/30/01), 788 So.2d 630, 632. However, a defendant may be allowed appellate review if at the time he enters a guilty plea, he expressly reserves his right to appeal a specific adverse ruling in the case. *Crosby, supra; State v. King*, 99-1348 (La. App. 5 Cir. 5/17/00), 761 So.2d 791, 793, *writ denied*, 00-1824 (La. 6/29/01), 794 So.2d 822. Under *Crosby*, a defendant may reserve his right to appeal a prior adverse ruling of the trial court. *State v. Richardson*, 09-714 (La. App. 5 Cir. 2/9/10), 33 So.3d 903, 906, *writ denied*, 10-0526 (La. 10/15/10), 45 So.3d 1109.

The record before us does not indicate if the defendant had filed a motion to suppress prior to entering into a plea agreement, or whether the trial court had previously made a ruling on that particular issue. This is an important distinction,

because *Crosby* applies to prior adverse rulings by the trial court. Stated another way, without a ruling from the trial court, an issue would not generally be ripe for review on appeal. Here, if the defendant did acquiesce to the trial court's action of taking the plea under *Crosby*, then he did not identify which prior ruling of the trial court was being preserved for review.

As discussed above, if it is the defendant's intent to challenge the evidence against him at this stage, then he has gone beyond the terms of the plea agreement with the State which, in turn, makes the agreement void. Consequently, the defendant could withdraw his plea and make an evidentiary challenge, or plead guilty without any assurances from the State.

### *Crosby and the trial court*

As observed by the First Circuit in *State v. Gillis,* 07-1909 (La. App. 1 Cir. 3/26/08), 985 So.2d 745, 747, *writ denied*, 08-0868 (La. 5/14/08), 980 So.2d 698:

> In *Crosby*, the supreme court stated, "the trial court has very great and virtually unreviewable discretion to reject rather than accept a guilty plea conditioned upon reservation of appellate review of pre-plea assignments of non-jurisdictional error." *Crosby*, 338 So.2d at 590. This language makes clear that even if the State agreed with the *Crosby* plea, the trial court, in its own discretion, can reject the plea. Conversely, under the same plenary power with which the trial court can reject the plea, the trial court can accept the plea, regardless of whether the State disagreed with the plea. The right of the defendant to condition his plea upon the reservation for appellate review of pre-plea errors is subject to acceptance by the trial court. Nothing in *Crosby* or the *Crosby* jurisprudence suggests that there must also be agreement by the State before a trial court can accept a *Crosby* plea.
> . . .
> While a Crosby plea is a very specific type of "plea bargain," it is not the type of plea bargain that requires acceptance by the State[.]

Thus, while the trial court in this case is correct that, generally, it does not need the State's agreement to accept a guilty plea under *Crosby*, here adding such a provision would require the consent of both the defendant and the State in order to maintain the integrity of their plea agreement. As stated by the First Circuit in *State v. Porche*, 20-0246 (La. App. 1 Cir. 12/30/20), 318 So.3d 184, 188:

> Where the plea agreement calls for a legal sentence and the trial court agrees, the trial court is bound by the terms of the agreement. *State v. Terrebonne*, 01-2632 (La. App. 1st Cir. 6/21/02), 822 So.2d 149, 152. Under substantive criminal law, there are two alternative remedies available for a breach of a plea bargain: (1) specific performance of the agreement, or (2) nullification or withdrawal of the plea.

### *Finality of the defendant's conviction and sentence*

At the time of sentencing, the trial court opined that it could not change the sentence because it had already accepted the plea agreement. However, as noted above, at the time of the State's filing of this writ application, the defendant's sentence and conviction had not yet become final. In addition, the State is still

within its window of time to file a motion for reconsideration of sentence pursuant to La. C.Cr.P. art. 881.1.

*Conclusion*

It is unclear from the record whether the defendant did, in fact, intend to make a guilty plea pursuant to *State v. Crosby*. The legal consequences that follow from that distinction include the scope of review of the defendant's sentence and conviction on appeal. In this case, it also appears that whether the defendant seeks to plead guilty under *Crosby* also determines whether he seeks to breach his plea agreement with the State.

Accordingly, in the interest of judicial economy, we grant the writ application, in part, and transfer the State's filing as a timely filed motion for reconsideration of sentence, pursuant to La C.Cr.P. art. 881.1.[3] For the purposes of clarifying the official record, the trial court shall inquire of the defendant at a hearing on the record whether he seeks to plead guilty under *State v. Crosby*, and, if so, whether the State will withdraw its plea agreement in response. As per the discussion above, both parties must consent to the terms of a plea agreement. At the conclusion of the inquiry, should the trial court find that the defendant and the State are in agreement with the terms of the plea, and the trial court accepts the plea agreement, then the trial court will likewise be bound by those terms. *State v. Porche, supra.*

Gretna, Louisiana, this 27th day of July, 2022.

**JJM**
**MEJ**
**JBD**

---

[3] This Court has previously held the State's oral objection at the time of sentencing, without filing a written motion to reconsider sentence, was sufficient to preserve an alleged error in sentencing for appeal. *State v. Esteen*, 02-1241 (La. App. 5 Cir. 4/29/03), 846 So.2d 167, 178, *writ denied*, 03-1486 (La. 1/9/04), 862 So.2d 978.

4

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
INTERIM CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



## FIFTH CIRCUIT
101 DERBIGNY STREET (70053)
POST OFFICE BOX 489
GRETNA, LOUISIANA 70054
www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **07/27/2022** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**22-KH-334**

CURTIS B. PURSELL
CLERK OF COURT

### E-NOTIFIED
40th District Court (Clerk)
Honorable Vercell Fiffie (DISTRICT JUDGE)
Honorable Bridget A. Dinvaut (Relator)
Jason M. Galjour (Relator)

### MAILED
John H. Thomas (Respondent)
Attorney at Law
2955 Ridgelake Drive
Suite 114
Metairie, LA 70002

7/27/22



| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

John H. Thomas
Attorney at Law
2955 Ridgelake Drive, Suite 114
Metairie, LA 70002
22-KH-334                    07-27-22

9590 9402 2434 6249 3649 60

2. Article Number *(Transfer from service label)*

7016 2070 0000 0954 7219

PS Form **3811**, July 2015 PSN 7530-02-000-9053

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X _____    ☐ Agent
                              ☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery

7/29/23

D. Is delivery address different from Item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt