*1193
 
 MARC E. JOHNSON, Judge.
 

 Don O. Jordan (hereinafter referred to as “Defendant”) filed a Pro-Se Supplemental Brief appealing his sentence of forty (40) years at hard labor. Additionally, Defendant’s appellate counsel, Gwendolyn K. Brown, filed a brief, pursuant to
 
 Anders v. California,
 
 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and
 
 State v. Jyles,
 
 96-2669 (La.12/12/97), 704 So.2d 241, and a Motion to Withdraw as counsel of record. We affirm Defendant’s conviction and sentence and grant the attorney’s Motion to Withdraw as counsel of record.
 

 On February 7, 2008, Defendant was charged with the second degree murder of Ashley Ruffin, which is in violation of Louisiana Revised Statute 14:30.1. Defendant entered a plea of not guilty at the arraignment. On April 7, 2008, Defendant filed an Omnibus Motion and Order for PreTrial Motions, which included standard discovery requests and a Motion to Suppress the confession, | ^identification, and evidence obtained. The State filed a Notice of Intent to Use Evidence of Other Crimes.
 

 On July 18, 2008, the trial court heard the Motion to Suppress and, at the same time, conducted a
 
 State v. Prieur,
 
 277 So.2d 126 (La.1973) hearing. The trial court denied the Motion to Suppress and ruled that the
 
 Prieur
 
 evidence would be admissible at trial.
 

 On July 28, 2008, the State amended the indictment to the lesser offense of manslaughter, a violation of Louisiana Revised Statute 14:31. Defendant withdrew his plea of not guilty to second degree murder and pleaded guilty to an amended charge of manslaughter on the same date. The State agreed that it would not pursue a habitual offender bill against Defendant. The trial court sentenced Defendant to forty (40) years at hard labor and ordered that the sentence be served concurrently with another sentence he was serving.
 

 The trial court properly informed Defendant of the time delay for filing an appeal and for an application for post-conviction relief.
 

 On appeal, Defendant alleges that his trial attorney led him to believe that he would be sentenced to thirty (30) years at hard labor, in exchange for his guilty plea. Additionally, his appellate attorney filed an
 
 Anders
 
 brief and a Motion to Withdraw, pursuant to
 
 Anders v. California,
 
 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and
 
 State v. Jyles,
 
 96-2669 (La.12/12/97), 704 So.2d 241, asserting that, after a thorough review of the trial court record, that there are no non-frivolous issues to raise on appeal.
 

 Defendant asserts that the forty (40) year sentence imposed is not the sentence he was led to believe he would receive in exchange for his guilty plea. As a result, Defendant asserts that his sentence should be corrected to that of thirty L(30) years because he alleges that trial counsel led him to believe he would receive that particular sentence.
 

 Defendant further alleges that his plea of guilty was induced by coercion, intimidation and misinformation on the part of trial counsel who initially informed him of the thirty (30) year sentence and changed the sentence to forty (40) years minutes before the guilty plea hearing. Defendant asserts that he felt compelled not to inform the trial court or the State of his understanding of the sentence explained by trial counsel for fear that the State would not agree to the plea, or that the trial court would not accept the plea agreement. Defendant specifies that he is challenging the sentence and not the validity of the guilty plea.
 

 
 *1194
 
 A guilty plea normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea, and it .precludes review of such defects by either appeal or post-conviction relief.
 
 State v. Raines,
 
 00-1942 (La.App. 5 Cir. 5/30/01), 788 So.2d 630, 632. A guilty plea is constitutionally infirm when it is not entered freely and voluntarily, if the
 
 Boykin v. Alabama,
 
 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274(1969), colloquy was inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain, and that bargain is not kept.
 
 State v. McCoil,
 
 05-658 (La.App. 5 Cir. 2/27/06), 924 So.2d 1120, 1122. In such a case, the defendant has been denied due process of law in that the plea was not given freely and knowingly.
 
 State v. Dixon,
 
 449 So.2d 463, 464 (La.1984).
 

 On the “Defendant’s Acknowledgement of Constitutional Rights and Waiver of Rights on Entry of a Plea of Guilty” form, Defendant circled “YES” and initialed to the following:
 

 Your plea of guilty is your decision, and no one can force you to plead guilty. Pleading guilty must be a voluntary act and must be free of any vice or defect. Has anyone used force, coercion, intimidation, | .^promise or reward to you or any member of your family for the purpose of making or forcing you to plead guilty?
 

 Defendant states that he circled “YES” to indicate that his decision to plead guilty was voluntary but not free of any defect because of the use of trial counsel’s promise of a thirty (30) year sentence. However, Defendant later wrote and initialed on the form that he understood that he would be sentence to a forty (40) year sentence for manslaughter if the trial court accepted his plea.
 

 In addition to the
 
 Boykin
 
 colloquy, the judge explained to Defendant that she would sentence him to forty (40) years at hard labor. Defendant indicated that he understood that provision of his plea. And, Defendant was asked by the judge if anyone had coerced or intimidated him in order to induce him to plead guilty, which he replied “No, ma’am.” Defendant did not object to the sentence at the trial court level, and he did not file a Motion to Reconsider Sentence. There is nothing in the trial court record to support Defendant’s claim that he was initially promised a thirty (30) year sentence. Defendant did not submit any evidence of coercion in the Pro-Se Brief. Thus, he is not entitled to a reduction of his sentence.
 

 Anders brief and Motion to Withdraw
 

 In
 
 Anders,
 
 the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he finds his case to be wholly frivolous after a conscientious examination of it. That request must, however, be accompanied by a brief referring to anything in the record that might arguable support the appeal. 386 U.S. at 744, 87 S.Ct. at 1400.
 

 The Louisiana Supreme Court stated that an
 
 Anders
 
 brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit.
 
 Jyles,
 
 704 So.2d at 241. The Louisiana Supreme Court explained that an
 
 Anders
 
 brief must demonstrate by Ififull discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.”
 
 Id.
 

 
 *1195
 
 In evaluating an appeal for compliance with
 
 Anders,
 
 an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous.
 
 State v. Bradford,
 
 95-929 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellant counsel.
 
 Id.
 

 Appellate counsel asserts that, after a detailed review of the record, she could find no non-frivolous issues for appeal. She mentions that the trial court properly advised Defendant of his constitutional rights to a jury trial and confrontation, and his privilege against self-incrimination prior to accepting his guilty plea. The judge explained to Defendant that he would be pleading guilty to a lesser charge of manslaughter, and that he would receive a forty (40) year sentence. Defendant acknowledged that he understood what the judge explained to him, and that he wished to waive his rights and plead guilty. Appellate counsel also notes that the trial court ascertained that Defendant was a 48-year-old high school graduate at the time of the guilty plea. In addition, appellate counsel acknowledges that Defendant did not preserve his right to appeal the trial court’s pre-trial rulings under
 
 State v. Crosby,
 
 338 So.2d 584 (La.1976). Appellate counsel further states that Defendant’s sentence is within the statutory limits; and, defendant may not challenge a sentence to which he agreed as part of a plea bargain. La.C.Cr.P. art. 881.2(A)2.
 

 Appellate counsel also asserts that she has complied with the provisions of
 
 Anders,
 
 and that she notified Defendant of his right to file a Pro-Se Supplemental Brief. Additionally, this Court sent Defendant a letter by certified mail informing him that an
 
 Anders
 
 brief had been filed and of his right to file a Pro-Se Supplemental Brief.
 

 This Court conducted an independent review of the record, in accordance with the applicable standards set
 
 State v. Benjamin,
 
 573 So.2d 528 (La.App. 4 Cir.1990). This Court adopted those standards in
 
 State v. Bradford,
 
 95-929 (La.App. 5 Cir. 6/25/96) 676 So.2d 1108, 1110, 1111. That review should include an examination of:
 

 (1) the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial states of the proceedings, the jury compensation and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal.
 

 After this review, if the court agrees that the appeal is “wholly frivolous,” it should affirm the defendant’s conviction and sentence and allow appointed counsel to withdraw.
 
 State v. Wingerter,
 
 05-697 (La.App. 5 Cir. 3/14/06), 926 So.2d 662, 665.
 

 The bill of information was properly charged; a review of all minute entries was conducted to insure the defendant was present at all crucial states of the proceedings, and the sentence is legal; a review of all pleadings in the record was performed; and, a review of all transcripts to determine if any ruling provides an arguable basis for appeal. The independent review of the record supports appellate counsel’s assertion that there are no non-frivolous
 
 *1196
 
 issues to be raised on appeal. |sSince Defendant pleaded guilty to manslaughter, he waived all non-jurisdictional defects in the proceedings leading up to the guilty plea and is precluded from a review of such defects either by appeal or post-conviction relief.
 
 Wingerter
 
 at 664.
 

 Attorney Brown’s brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal. The independent review of the record supports her assertion. Thus, we find that appellate counsel has complied with all of the provisions to withdraw as counsel of record for Defendant. Thus, she is entitled to withdraw as counsel of record.
 

 Accordingly, appellate counsel’s Motion to Withdraw is granted, and Defendant’s conviction and sentence are affirmed.
 

 MOTION GRANTED; CONVICTION AND SENTENCE AFFIRMED.