983 So.2d 117 (2008)
STATE of Louisiana
v.
Jason J. KRON.
No. 07-KA-1024.
Court of Appeal of Louisiana, Fifth Circuit.
March 25, 2008.
*118 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Thomas J. Butler, Thomas S. Block, Assistant District Attorneys, Twenty-Fourth Judicial District, Gretna, Louisiana, for Plaintiff/Appellee.
Prentice L. White, Louisiana Appellate Project, Baton Rouge, Louisiana, for Defendant/Appellant.
Jason J. Kron, Angie, Louisiana, pro se, In Proper Person.
Panel composed of Judges THOMAS F. DALEY, SUSAN M. CHEHARDY, and FREDERICKA HOMBERG WICKER.
THOMAS F. DALEY, Judge.
The defendant, Jason Kron, has appealed his guilty plea to charges of possession of cocaine. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY:
The police report indicates officers were patrolling a high crime area when they observed defendant engage in a hand-to-hand transaction with another individual. The officers approached the subjects at which time defendant attempted to flee. After a brief struggle, he was arrested and a search incidental to the arrest revealed a crack pipe and a push rod. Also, a large piece of crack cocaine was found on the ground where defendant was standing when he attempted to flee. According to the police report, the officers believed defendant *119 dropped the cocaine in an effort to hide it.
Defendant was charged in a Bill of Information on May 13, 2005 with possession of cocaine in violation of LSA-R.S. 40:967(C). He initially pled not guilty; he later withdrew his not guilty plea and pled guilty as charged. Pursuant to the plea agreement, defendant was sentenced to five years.[1]
The State then filed a multiple offender Bill of Information alleging defendant to be a third felony offender based on prior convictions for possession of cocaine and simple burglary.[2] In accordance with the plea agreement, defendant stipulated to his status as a third felony offender and was sentenced to eight years at hard labor without the benefit of probation or suspension of sentence. Approximately one year later, defendant filed a Pro Se Motion to Set Aside His Guilty Plea on the basis it was entered under duress. The trial court found no merit to defendant's claim and denied his motion. Thereafter, defendant filed a Pro Se Application for Post-Conviction Relief seeking to have his plea set aside on the basis it was entered under duress. The trial court denied the application after finding it was successive because the same issue was previously raised and ruled upon in defendant's Motion to Set Aside His Guilty Plea. Defendant filed a Supervisory Writ with this Court seeking review of the trial court's denial of his Application for Post-Conviction Relief. On June 29, 2007, this Court determined defendant's Application for Post-Conviction Relief was premature because he had not exhausted his appeal rights. As such, this Court granted defendant's writ for the limited purpose of allowing defendant the opportunity to reinstate his appeal rights. The trial court subsequently granted defendant out-of-time appeal on August 1, 2007.
LAW AND DISCUSSION:
On appeal, defendant argues the trial court erred in accepting his guilty plea. He contends he was pressured into pleading guilty and, therefore, his plea was not knowing and voluntary. Defendant claims he was reluctant to plead guilty, as evidenced by the plea colloquy transcript, because he did not understand what was going on and was not convinced the plea was in his best interest or that his attorney was protecting his interests. He further asserts he was pressured to plead guilty to offenses that were outside the plea agreement.[3] Defendant filed a Supplemental Pro Se Brief raising the same arguments, claiming his plea was unknowing and involuntary.
Under LSA-C.Cr.P. art. 559(A), the trial court has the discretion to permit a defendant to withdraw his guilty plea at any time prior to sentencing. Once a defendant *120 has been sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn and only by appeal or post-conviction relief. State v. McCoil, 05-658, p. 7 (La.App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124. A guilty plea is constitutionally infirm when it is not entered freely and voluntarily, if the Boykin[4] colloquy was inadequate, or when a defendant is induced to enter the plea by a plea bargain and that bargain is not kept. Id.
Generally, a denial of a Motion to Withdraw a Guilty Plea will not be reversed on appeal if the record clearly shows the defendant was informed of his rights and the consequences of his plea, and that the plea was entered into voluntarily. State v. Stewart, 03-976 (La.App. 5 Cir. 12/30/03), 862 So.2d 1271. A mere change of heart or mind by the defendant as to whether he made a good bargain will not ordinarily support allowing the withdrawal of a bargained guilty plea. State v. Green, 03-410 (La.App. 5 Cir. 10/28/03), 860 So.2d 237, writ denied, 03-3228 (La.3/26/04), 871 So.2d 346. Without fraud, intimidation or incompetence of counsel, a guilty plea is not made less voluntary or informed by the considered advice of counsel. Id.
The record indicates that prior to the commencement of trial, defendant withdrew his not guilty plea and pled guilty to possession of cocaine as charged. The trial court conducted a plea colloquy with defendant advising him of his right to a jury trial, right to confront his accusers, and right against self-incrimination. Defendant indicated he understood his rights and wished to waive them
The trial court also reviewed the sentencing ranges for possession of cocaine, including the maximum enhanced sentence defendant could receive as a multiple offender, and specifically advised defendant he would receive eight years as a third felony offender under the plea agreement. At that time, defendant responded that he was pleading guilty under pressure. The trial court explained the matter could proceed to trial, but noted the State would multiple bill defendant as a fourth felony offender, which would result in a possible sentence of 20 years to life imprisonment. Defendant replied he was "taking the plea," but added he was doing so because he was "under pressure." Defendant never elaborated what type of pressure to which he was referring. The trial judge stated she would not accept the plea if it was under pressure. Defendant then responded, "I accept the plea."
Thereafter, the trial judge specifically advised defendant that no one could force him to plead guilty and asked if anyone had used force, intimidation, coercion or promise of reward for the purpose of forcing him to plead guilty. Defendant replied that the State promised him that he would not be "quad billed." In response to defendant's questions about his sentence, the trial judge again explained his sentence under the plea bargain. The trial judge told defendant he would receive five years and then an eight-year sentence on the triple bill.
The trial court explained to defendant that by pleading guilty he was admitting he committed the charged crime. Defense counsel requested the plea be entered under Alford,[5] but the trial court refused to accept an Alford plea. The trial court asked defendant to give a factual basis for his plea to which defendant stated that according to the police, he possessed crack cocaine. He elaborated by stating, "For *121 my best interest, I'm taking the eight years so I don't receive life." Defendant then admitted he dropped the cocaine on the ground.
There was also discussion about defendant's plea to three misdemeanor charges. Defendant was advised the sentences on each misdemeanor would run concurrent with his felony conviction for possession of cocaine. Defendant initially expressed confusion about his pleas to the misdemeanor charges stating he thought he was only pleading guilty to the cocaine charge. He then became belligerent and seemingly taunted the court by stating, "[g]o ahead and give me the misdemeanors."[6] After the outburst, the trial court asked defendant if he was pleading guilty to the misdemeanors of battery on a police officer and possession of drug paraphernalia to which defendant affirmatively replied.
Towards the end of the plea colloquy, the trial judge asked if defendant was satisfied with the explanation of his rights given by his attorney and the court. Defendant responded, "I stay silent on that." The trial court called for the jury at which time defendant explained that he did not know how to answer her question. Defense counsel advised defendant to remain quiet, explained to defendant that he was "about to make a big mistake," and indicated that he would speak to defendant when it was over. The trial court then asked if defendant had any questions and defendant responded he would ask his attorney. Thereafter, the trial court accepted defendant's guilty plea and stated:
I'm entirely satisfied the defendant was aware of the nature of the crime to which he's pleading guilty, the defendant did, in fact, commit said crime, understands the consequences of said plea of guilty, has made a knowing, intelligent, free and voluntary act of pleading guilty to the above-mentioned crime, there's a factual basis for the acceptance of this plea.
On appeal, defendant claims his guilty plea was not voluntary because he was pressured into pleading guilty. Defendant does not explain how he was pressured into pleading guilty, but seems to suggest he did not understand the proceedings, his attorney was not acting in defendant's best interest, and he was threatened with a longer sentence if he did not plead guilty.
A review of the record demonstrates defendant clearly understood the guilty plea proceedings. Defendant was 30 years old and had 1 ½ years of college education. He admitted to two prior convictions that were the result of guilty pleas and, thus, had prior experience with the criminal justice system. See State v. Davis, 02-387 (La.App. 5 Cir. 9/30/02), 829 So.2d 554. The trial court reviewed defendant's Boykin rights several times throughout the plea colloquy and each time defendant stated he understood his rights. He also acknowledged his attorney had reviewed his rights with him and that he had executed the waiver of rights form. Although defendant seemingly expressed reluctance to plead guilty at times during the plea colloquy, he refused the trial court's numerous offers of proceeding with trial. In fact, at one point, defendant adamantly stated, "I don't want to go to trial." The record reflects that each time the trial court offered to proceed to trial, defendant stated he wanted to accept the plea.
Despite defendant's claim he did not believe his attorney was acting in his best interest, the record shows otherwise. Defendant *122 received a very advantageous plea bargain wherein he received an eight-year sentence when he was facing twenty years to life imprisonment. Specifically, in exchange for his guilty plea, the State agreed not to multiple bill defendant as a fourth felony offender. Instead, the State charged defendant as a third felony offender, which exposed defendant to a maximum sentence of ten years.
Defendant suggests he felt pressured to plead guilty because he was threatened with a "quad bill" if he proceeded to trial. "An otherwise valid plea of guilty is not rendered involuntary merely because it was entered to limit the possible maximum penalty to less than that authorized by law for the crime charged." State v. Bouie, 00-2934 (La.5/14/02), 817 So.2d 48, quoting State v. Compton, 367 So.2d 844 (La.1979). In Bouie, the Louisiana Supreme Court explained that there is no inherent coerciveness when a trial judge explains the possible penalties a defendant faces if he went to trial and was convicted by a jury because the advice concerns information that an accused should possess to enter a knowing and intelligent guilty plea. Id. at p. 11, 817 So.2d 55.
In State v. Guilbeau, 02-972 (La.App. 3 Cir. 2/5/03), 838 So.2d 160, writ denied, 03-0553 (La.6/6/03), 848 So.2d 538, the defendant sought to withdraw his guilty plea on the basis he was pressured to plead guilty by his attorney who advised him he would "go straight to Angola to serve twenty years" if he did not plead guilty. At the hearing on the Motion to Withdraw His Guilty Plea, the defendant claimed he repeatedly told his attorney he wanted to go to trial because he was innocent. The defendant stated his attorney pressured him by telling him not to be stupid and that he would get twenty years if he went to trial.
In upholding the trial court's refusal to allow the defendant to withdraw his guilty plea, the Third Circuit noted that the defendant was given several opportunities at the plea hearing to proceed to trial, but that he refused and chose to enter the guilty plea. It determined the record supported the trial court's reasons for denying the Motion to Withdraw noting that the defendant had one year of college education, understood the guilty plea proceedings, was advised several times of his rights, but yet refused to proceed to trial despite several opportunities to do so during the plea hearing, and that the defendant knowing and voluntarily elected to take a sure sentence of ten to thirty years as opposed to taking a chance on trial where he would face twenty to sixty years.
Also, in State v. Irving, 35,795, pp. 2-6 (La.App. 2 Cir. 5/8/02), 818 So.2d 289, 291-93, writ denied, 02-1614 (La.12/19/02), 833 So.2d 328, the defendant claimed he was pressured into pleading guilty by the pressure and incompetence of his attorneys. On the second day of trial, defense counsel advised the trial court of the State's plea offer, but stated the defendant wished to reject the plea contrary to their advice due to the evidence against the defendant and the potential sentencing exposure. A recess was granted and the defendant subsequently accepted the plea. The defendant later sought to withdraw his plea on the basis he did not believe his attorneys would have effectively defended him if he had not accepted the plea and he feared his sentence if he were convicted at trial. The Second Circuit stated that any evidence of emotional conflict by the defendant at the time of his plea was nothing more than the pressure that is inherent in the guilty plea process. The court explained that the emotional conflict could "be viewed in no other way than that which would be experienced by any defendant *123 faced with the choice of admitting criminal culpability prior to the completion of trial or continuing the trial process." Id. at p. 6, 818 So.2d at 293. The court concluded that "[s]uch emotional conflict fails to qualify as the type of coercion or intimidation necessary to invalidate a plea." Id.
Likewise, in the present case, we find defendant's initial reluctance to plead guilty is the same reluctance any defendant faces in pleading guilty. The record shows defendant was advised numerous times of his Boykin rights and that he stated he understood and wished to waive them. Defendant was given several opportunities during the plea hearing to proceed to trial, but he adamantly refused and elected to plead guilty. The reality of defendant's potential life sentence understandably provoked fear in defendant. However, as the Louisiana Supreme Court has stated, there is no inherent coerciveness when a trial judge explains the possible penalties a defendant faces if he went to trial and was convicted by a jury. State v. Bouie, supra. Defendant's guilty plea is not rendered involuntary simply because he entered the plea to limit his possible maximum penalty to less than that authorized by law for the crime charged.
Accordingly, we find defendant's guilty plea to be constitutionally valid. The record shows he was adequately advised of his Boykin rights and his guilty plea was knowing and voluntary. Thus, the trial court did not err in accepting defendant's guilty plea to possession of cocaine.
In his pro se brief, defendant argues his attorneys were ineffective because they failed to investigate his case and failed to formulate a defense to prove his innocence. The brief details facts and witnesses defendant claims could have discredited the version of events presented by the police. Defendant claims his attorneys failed to file any pretrial motions or request any evidentiary hearings. He specifically alleges his attorneys should have filed a Motion to Suppress because his arrest and subsequent discovery of evidence was the result of an illegal investigatory stop.
An ineffective assistance of counsel claim is most appropriately addressed through an Application for Post-Conviction Relief filed in the trial court where a full evidentiary hearing can be conducted. State v. Taylor, 04-346 (La. App. 5 Cir. 10/26/04), 887 So.2d 589. When the record contains sufficient evidence to rule on the merits of the claim and the issue is properly raised by an Assignment of Error on appeal, it may be addressed in the interest of judicial economy. Id. Where the record does not contain sufficient evidence to fully explore a claim of ineffective assistance of counsel, the claim should be relegated to post-conviction proceedings under LSA-C.Cr.P. arts. 924-930.8; State v. Taylor, supra.
In the present case, the record is insufficient to address defendant's claims of ineffective assistance of counsel. Defendant's conviction resulted from a guilty plea and the only transcript contained in the record is that of the plea hearing. Thus, this claim should be addressed through post-conviction proceedings.
ERROR PATENT DISCUSSION
The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975). The review reveals no errors patent in this case that requires remedial action.
For the foregoing reasons, the defendant's conviction is affirmed.
AFFIRMED.
NOTES
[1] Defendant also pled guilty to three misdemeanors, resisting a police officer, battery on a police officer, and possession of drug paraphernalia, to which he was sentenced six months on each count to run concurrently with each other and to the five-year sentence on the felony conviction.
[2] As part of the plea agreement, the State agreed to multiple bill defendant as a third felony offender as opposed to a fourth felony offender.
[3] Defendant is referring to the misdemeanor charges to which he pled guilty at the same time as the felony offense of possession of cocaine. Misdemeanor convictions are normally not reviewable on appeal, but rather are reviewable by an application for writ of review. LSA-C.Cr.P. art. 912.1(C)(1). Of note, the misdemeanor offenses were charged in a separate Bill of Information that is not a part of the appellate record. Furthermore, defendant does not challenge his misdemeanor convictions and, thus, the validity of any plea related thereto is not before us on appeal.
[4] Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
[5] North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).
[6] Defendant was ultimately held in contempt in court based on his use of foul language in the courtroom.