*510
 
 CLARENCE E. McMANUS, Judge.
 

 |
 
 .STATEMENT OF THE CASE
 

 The St. Charles’ Parish district attorney’s office filed a bill of information charging defendant, Derwin Smith, with second offense possession of marijuana in violation of LSA-R.S. 40:966(E)(2). He pled not guilty and filed a motion to suppress the evidence. The following facts were elicited at the motion to suppress. On May 19, 2008, Detectives Richard Du-bus and David Ehrmann, with the St. Charles Parish Sheriff’s Office, were patrolling the 300 block of LA52 in Luling when they observed what they believed to be a hand-to-hand transaction between defendant and Jarman Stewart outside a white Honda in the parking lot of an apartment complex. When the detectives approached, defendant, Stewart and a third person, entered the vehicle at which time the detectives conducted an investigatory stop and asked the occupants to exit and identify themselves.
 

 According to Detective Dubus, while standing outside the vehicle, he saw a small black ziplock baggy on the floorboard behind the driver’s seat. He retrieved the baggy and discovered it contained a green substance that field tested positive for marijuana. He then searched the car and found two more small plastic baggies on the floorboards under some debris.
 

 | a A hearing was held on the motion to suppress and the trial court denied the motion. Defendant subsequently entered a guilty plea to the charged offense and was sentenced, in accordance with a plea agreement, to five years in the Department of Corrections with all but six months suspended, three years of active probation, and a $500.00 fine.
 

 Defendant obtained an out-of-time appeal and seeks review of the trial court’s denial of his motion to suppress the evidence.
 

 ASSIGNMENT OF ERROR NUMBER ONE
 

 Defendant argues the trial court erred in denying his motion to suppress the evidence. First, defendant claims there was no reasonable suspicion for the investigatory stop. He contends the officers’ suspicions were not reasonable because the alleged incident occurred in the open and defendant did not have any drugs or money on his person at the time of his arrest. Next, defendant alleges the baggy was not in plain view. He points to the fact the incident occurred at night and there was no mention of a flashlight. He further maintains the officer could not see the contents of the baggy and challenges the opening of the closed baggy. Finally, defendant asserts he did not have constructive possession of the drugs found in the vehicle. He claims he was merely sitting next to a pile of trash in the car as it was exiting the driveway and contends his mere presence near the drugs was insufficient to show he possessed the drugs.
 

 We find defendant did not preserve his right to raise this issue on appeal. Defendant, who pled guilty to second offense possession of marijuana, seeks review of the trial court’s denial of his motion to suppress the evidence. A guilty plea normally waives all non-jurisdictional defects in the proceedings prior the entry of the guilty plea, and precludes review of such defects either by appeal or post-conviction relief.
 
 State v. King,
 
 99-1348, p. 3 (La.App. 5 Cir. 5/17/00), 761 So.2d 791, 793,
 
 writ denied,
 
 00-1824 (La.6/29/01), 794 So.2d 822. A defendant may be allowed appellate review if at the time he enters a guilty plea, he expressly reserves his right to appeal a specific adverse ruling in the case.
 
 State v. Crosby,
 
 338 So.2d 584
 
 *511
 
 (1976). A defendant who fails to specify which pre-trial ruling he wishes to reserve for appeal as part of a guilty plea entered under
 
 Crosby,
 
 is not precluded from review altogether, but his appellate review may be limited in scope.
 
 State v. Joseph,
 
 03-315 (La.5/16/03), 847 So.2d 1196 (per curiam).
 

 We find the defendant, who was represented by counsel, did not enter his guilty plea under
 
 Crosby.
 
 During the plea colloquy, the trial judge informed defendant that, by pleading guilty, he was waiving his right to appeal and defendant acknowledged he understood. Additionally, defendant initialed and signed a waiver of constitutional rights form which reflects defendant understood that by pleading guilty, he was waiving his right to appeal. There was no mention that the guilty plea was being entered pursuant to
 
 Crosby
 
 either during the plea colloquy or on the waiver of constitutional rights form. Thus, at the time he entered his plea, he made no reservation of his rights pursuant to
 
 Crosby.
 

 The record shows defendant was sentenced, pursuant to the terms of the plea agreement, one week after he entered his guilty plea. The transcript of the sentencing hearing does not reveal any discussion of a
 
 Crosby
 
 plea. However, the October 30, 2008 minute entry of the sentencing hearing states defendant’s plea, which was entered one week earlier, was amended to read, “plea of guilty entered under Article 893 and under
 
 State v. Crosby.”
 
 Generally, the transcript prevails where there is an inconsistency between the minute entry and the transcript.
 
 State v. Lynch,
 
 441 So.2d 732, 734 (La.1983). The transcript of that date is completely devoid of any mention of amending defendant’s guilty plea, Article 893, or
 
 Crosby.
 

 |sIn addition to this minute entry, there are two other references to
 
 Crosby
 
 in the record. The first was made during a status conference approximately one month prior to the entry of defendant’s guilty plea when defense counsel requested a continuance “in anticipation of a
 
 Crosby
 
 plea being entered.” The trial court allowed the continuance and rescheduled the status conference for October 23, 2008, at which time defendant pled guilty without any reference to a
 
 Crosby
 
 plea.
 

 The second mention of
 
 Crosby
 
 is found on a “Guilty Plea and Sentence” form defendant signed on the date he was sentenced. The form indicates that defendant will enter a guilty plea to possession of marijuana, second offense, and sets forth the sentence recommended by the district attorney, including the special conditions of probation. At the bottom of the form, there is a handwritten notation that reads, “concurrent w/ Div E probation pursuant to
 
 State v. Crosby.”
 
 This form is signed by defendant, his counsel and the trial judge. Although there is a signature line for the assistant district attorney, it was not signed by him. In sentencing defendant, the trial court followed this form in setting forth the conditions of probation but did not expressly reference the form and made no mention of
 
 Crosby.
 

 Although there are these three references to
 
 Crosby
 
 in the record, at the time defendant entered his plea, no mention was made of
 
 Crosby.
 
 A comment by defense counsel that she anticipated a
 
 Crosby
 
 plea would be entered has no bearing on whether such a plea was actually entered. Additionally, the transcript prevails over a minute entry. The minute entry that references an amendment of defendant’s plea to be under Article 893 and
 
 Crosby
 
 is not supported by the transcript. And, the “guilty plea and sentence” form was never referenced during the plea colloquy or the sentencing. Further, the form is not complete in that it is missing the signature of the assistant district attorney and the reference to
 
 Crosby
 
 | fion the form seems mis
 
 *512
 
 placed. The form appears to refer to
 
 Crosby
 
 in the context running defendant’s sentence concurrently to another case and not in the proper context of reserving defendant’s right to appeal a specific pre-trial ruling.
 

 This Court has found that a defendant’s failure to reserve the right to appeal under
 
 Crosby
 
 at the time he enters his guilty plea, precludes his right to appeal the trial court’s ruling on a motion to suppress.
 
 See State v. Cox,
 
 02-333, pp. 4-5 (La.App. 5 Cir. 9/30/02), 829 So.2d 521, 524;
 
 State v. Raines,
 
 00-1942 (La.App. 5 Cir. 5/30/01), 788 So.2d 630, 632;
 
 State v. King,
 
 99-1348, pp. 3-4 (La.App. 5 Cir. 5/17/00), 761 So.2d 791, 793,
 
 writ denied,
 
 00-1824 (La.6/29/01), 794 So.2d 822; and,
 
 State v. Barousse,
 
 442 So.2d 1220, 1220-21 (La.App. 5 Cir.1983).
 

 We find that, because defendant did not enter his guilty plea under Crosby, he has not preserved his rights to appeal the denial of his motion to suppress. Thus, he is precluded from raising this issue on appeal. Accordingly, this appeal is dismissed.
 

 APPEAL DISMISSED.