CLARENCE E. McMANUS, Judge.
 

 |
 
 STATEMENT of the case
 

 On May 30, 2006, the Jefferson Parish District Attorney filed a bill of information, charging defendant, Eric Richardson, with possession with intent to distribute heroin in violation of LSA-R.S. 40:966(A). De
 
 *912
 
 fendant was arraigned on June 1, 2006, and pled not guilty to this charge.
 

 Defendant filed a motion to suppress evidence. A hearing was held on this motion on September 28, 2006. The following facts were elicited from the hearing. On May 15, 2006, Officer Daniel Jewell, Jr. of the Jefferson Parish Sheriffs Office investigated the sale of illegal narcotics on North Elm Street in Metairie. On this date, at 11:00 p.m., surveillance was established on North Elm Street, an area notorious for the distribution of illegal narcotics. During the surveillance, Detective Módica saw a silver-colored vehicle pull onto the west side of the 600 block of North Elm Street. The vehicle parked and the lights were turned off. However, the driver did not exit the vehicle. For 30 minutes, Detective Módica observed what he perceived to be three narcotics transactions, with pedestrians approaching the driver’s side window of the silver vehicle and leaning | ¡¡into the vehicle, then walking away. Detective Módica relayed this information to Officer Jewell, who decided to investigate the matter.
 

 Officer Jewell approached the vehicle, with clothing that identified himself as “POLICE” while verbally identifying himself as well, and illuminated the passenger area of the vehicle. He observed the driver of the vehicle, who was later identified as defendant, shoving his left arm down near the floorboard by the driver’s door. Based on this, as well as the nature of the area and what was previously observed, defendant was asked to exit the vehicle and to show his hands when doing so. While exiting, defendant shut the door. However, the driver’s window was down.
 

 Officer Jewell looked inside the vehicle in the area where he had observed defendant shoving an item and he saw a plastic bag containing silver folded pieces of aluminum foil. The bag was retrieved and contained 31 folded pieces of aluminum foil. A preliminary field test confirmed it contained heroin. Defendant was arrested, and subsequent to his arrest he was found to be in possession of $510.00.
 

 The trial court denied defendant’s motion to suppress evidence. On May 19, 2009, defendant withdrew his former not guilty plea and pled guilty as charged to possession with intent to distribute heroin. On this same date, defendant was sentenced to 18 years imprisonment at hard labor with the first five years to be served without benefit of probation or suspension of sentence. Defendant filed a pro se motion for appeal on May 28, 2009, and his appeal was granted on June 10, 2009.
 

 |
 
 ¡ASSIGNMENT OF ERROR NUMBER ONE
 

 On appeal, defendant argues the trial court erred in denying his motion to suppress the evidence. He argues that the evidence seized from an illegal search and seizure should be suppressed. Defendant contends Officer Jewell did not have reasonable suspicion to approach and detain him. Defendant recognizes that a Crosby
 
 [1]
 
 plea was not specifically mentioned in this case, but notes that prior to the plea in this matter he made an objection to the suppression ruling and the trial court acknowledged that the objection was preserved.
 

 The State responds that defendant’s claim that the trial court erred in denying his motion to suppress evidence was waived upon entry of his unqualified guilty plea. The State contends that defendant did not reserve his appellate rights under
 
 State v. Crosby
 
 and acknowledged he was waiving his right to appeal. The State
 
 *913
 
 notes that in exchange for the unqualified plea the State agreed not to file a multiple bill against defendant. The State provides that it has fulfilled its end of the plea agreement, which resulted in a substantial sentencing benefit to defendant. The State concludes that defendant must be held to the terms of the plea bargain in which he knowingly and voluntarily entered and that appellate review should be denied.
 

 We find that defendant did not preserve his right to raise this suppression issue on appeal. A guilty plea normally waives all non-jurisdictional defects in the proceedings prior to the entry of the guilty plea, and precludes review of such defects either by appeal or post-conviction relief.
 
 State v. King,
 
 99-1348, p. 3 (La.App. 5 Cir. 5/17/00), 761 So.2d 791, 793,
 
 writ denied,
 
 00-1824 (La.6/29/01), 794 So.2d 822. A defendant may be allowed appellate review if at the time he enters a guilty plea, he expressly reserves his right to appeal a specific adverse ruling in the |scase.
 
 Id.
 
 Under
 
 State v. Crosby,
 
 338 So.2d 584 (1976), a defendant may reserve his right to appeal an adverse prior ruling of the trial court.
 
 Id.
 
 A defendant who fails to specify which pre-trial ruling he wishes to reserve for appeal as part of a guilty plea entered under
 
 Crosby
 
 is not precluded from review altogether, but his appellate review may be limited in scope.
 
 State v. Joseph,
 
 03-315, p. 1 (La.5/16/03), 847 So.2d 1196 (per curiam).
 

 We find that defendant, who was represented by counsel, did not enter his guilty plea under
 
 Crosby.
 
 On May 19, 2009, prior to the colloquy with defendant, defense counsel stated, “Before we go through the colloquy, the defendant wanted me to put on the record, one, that he wanted to make sure there was an objection to the original rulings by Judge Hand to the motions to suppress.” The court provided the objections were noted. Although the objections to the suppression rulings were noted, we find that this statement, which defendant wanted on the record, did not serve as part of the plea agreement and did not preserve review of the ruling.
 

 Defendant expressly acknowledged that he was waiving his right to appeal. Specifically, during the colloquy the trial judge informed defendant that, by pleading guilty, he was waiving his right to appeal any verdict of guilty that might be returned against him at trial. Defendant acknowledged that he understood this. Additionally, defendant signed a waiver of rights form that reflects defendant understood that by pleading guilty he was waiving his right to appeal any verdict of guilty that could be returned at trial. There was no mention that the guilty plea was being entered pursuant to
 
 Crosby
 
 either during the plea colloquy or on the waiver of rights form. Thus, at the time defendant entered his plea he made no reservation of his rights pursuant to
 
 Crosby.
 

 This Court has consistently held that a defendant’s failure to reserve the right to appeal under
 
 Crosby
 
 at the time he enters his guilty plea precludes his right |fito appeal the trial court’s ruling on a motion to suppress.
 
 See State v. Smith,
 
 09-168 (La.App. 5 Cir. 6/23/09), 19 So.3d 509;
 
 State v. Cox,
 
 02-0333, pp. 3-5 (La.App. 5 Cir. 9/30/02), 829 So.2d 521, 523-24;
 
 State v. Raines,
 
 00-1942 (La.App. 5 Cir. 5/30/01), 788 So.2d 630, 632;
 
 State v. King,
 
 99-1348 at 3-4, 761 So.2d at 793; and,
 
 State v. Barousse,
 
 442 So.2d 1220, 1220-21 (La.App. 5 Cir.1983).
 

 In
 
 Smith,
 
 09-168, 19 So.3d 509, the defendant challenged the denial of his motion to suppress the evidence. This Court found that although there were three references to
 
 Crosby
 
 in the record, at the time the defendant entered his plea, there
 
 *914
 
 was no mention of
 
 Crosby.
 
 This Court found that because the defendant did not enter his guilty plea under
 
 Crosby,
 
 he had not preserved his rights to appeal the denial of his motion to suppress. As such, this Court found the defendant was precluded from raising this issue on appeal and dismissed the appeal.
 

 Based on the foregoing, we find the defendant has failed to preserve his rights to appeal the denial of his motion to suppress because he did not enter his guilty plea under
 
 Crosby.
 
 Therefore, we find the defendant is precluded from raising this suppression issue on appeal.
 

 ERROR PATENT DISCUSSION
 

 The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920;
 
 State v. Oliveaux,
 
 812 So.2d 337 (La.1975);
 
 State v. Wetland,
 
 556 So.2d 175 (La.App. 5 Cir.1990). The following matters are noted.
 

 First, there is a discrepancy between the commitment and the transcript. Generally, the transcript prevails where there is an inconsistency between the minute entry and the transcript.
 
 State v. Lynch,
 
 441 So.2d 732, 734 (La.1983). The commitment reflects defendant pled guilty under LSA-R.S. 40:966(A) and describes the offense as “DIST/WTTD OF A CDS heroin.” Defendant actually pled guilty to possession with intent to distribute heroin. Thus, we find that the | commitment suggests a distribution of heroin conviction instead of a possession with intent to distribute heroin conviction.
 

 In
 
 State v. Alexander,
 
 08-580, p. 10 (La.App. 5 Cir. 2/25/09), 8 So.3d 732, 738-39, this Court noted that the commitment reflected that the defendant was found guilty of “DIST/WITD OF A CDS-HEROIN.” This Court noted that the commitment made it unclear as to whether the defendant was convicted of possession with intent to distribute, or of the separate offense of distribution. Therefore, this Court ordered the trial court to amend the commitment nunc pro tunc to properly reflect the offense for which defendant was convicted in order to prevent confusion.
 
 See also State v. Woolridge,
 
 08-340, p. 9 (La.App. 5 Cir. 10/14/08), 996 So.2d 618, 623-24.
 

 Accordingly, we order that the commitment in the present case be amended to accurately reflect the possession with intent to distribute conviction. We further direct the clerk of court to transmit the original of the minute entry to the officer in charge of the institution to which defendant has been committed.
 
 See State ex rel. Roland v. State,
 
 06-0244 (La.9/15/06), 937 So.2d 846 (per curiam).
 

 Accordingly, we affirm the defendant’s conviction and sentence and remand this matter with instructions to correct the error patent discussed above.
 

 CONVICTION AND SENTENCE AFFIRMED; MATTER REMANDED WITH INSTRUCTIONS.
 

 [1]
 

 .
 
 State v. Crosby,
 
 338 So.2d 584 (La.1976).