WINDHORST, J.
Defendant, Kevin Johnson, appeals contesting the voluntariness of his guilty pleas and the denial of his motion to withdraw his guilty pleas. For the reasons that follow, we affirm defendant's convictions and sentences.
Facts and Procedural History
On June 4, 2013, the Jefferson Parish District Attorney filed a bill of information charging defendant, Kevin Johnson, with possession of a firearm by a convicted felon in violation of La. R.S. 14:95.1 (count one)[1] and aggravated criminal damage to property in violation of La. R.S. 14:55 (count two). On June 17, 2013, defendant pled not guilty at his arraignment.
On July 16, 2014, defendant withdrew his not guilty pleas and pled guilty as charged.[2] Defendant was sentenced to thirteen *596 years, four months imprisonment at hard labor to be served without benefit of probation, parole, or suspension of sentence and a $1,000 fine on count one and ten years imprisonment at hard labor on count two. The court further ordered defendant's sentences to run concurrently with each other and concurrently with the sentences imposed in case numbers, 13-4664, 13-5020, 14-507, and 14-1131. The trial court also recommended defendant for any self-help programs available to him through the Department of Corrections.
On August 15, 2014, defendant, through his newly retained counsel, filed a motion to withdraw and set aside guilty plea, alleging that his former trial attorneys failed to interview and investigate potential witnesses or defenses available to him that would have proven his innocence to the charges. In support of his motion, defendant attached an affidavit from Selena Collins, an alleged eyewitness to the crimes, in which she recanted her statement identifying defendant as the perpetrator, claiming that she was "in shock" and "pressured" to name defendant. On September 10, 2014, the trial court denied defendant's motion to withdraw his guilty plea on September 10, 2014. On October 9, 2014, defendant filed a motion for reconsideration and request for a contradictory hearing. Defendant's motion was set for hearing and continued without date at the request of his counsel.
On July 13, 2016, defendant filed an application for post-conviction relief (APCR), claiming ineffective assistance of counsel. Defendant filed a supplemental memorandum to his APCR on October 21, 2016, asserting the alleged ineffectiveness of his trial counsels' performance, which he claimed caused him prejudice by "failing to investigate the facts, interview essential witnesses, available defenses that could have placed the State's theory through an adversarial-test which ultimately would have disproven the State's theory" and by the lack of inspection of evidence. Defendant was subsequently granted this out-of-time appeal under State v. Counterman.[3]
Because defendant pled guilty, the underlying facts were not fully developed at a trial. A factual basis was not provided at the guilty plea proceeding, therefore, the facts have been gleaned from the bill of information which provided that: on or about May 3, 2013, defendant violated La. R.S. 14:95.1, having possessed a firearm in Jefferson Parish after being previously convicted of the crime of aggravated second degree battery, in violation of La. R.S. 14:34.7, under case number 08-4682, Division "M," of the Jefferson Parish 24th Judicial District Court and that on May 3, 2013, defendant violated La. R.S. 14:55, having committed aggravated criminal damage to a 2003 Chevy Tahoe belonging to Curtis Grimes and driven by Montero Ursin.
Discussion
On appeal, defendant asserted three assignments of error: (1) the trial court erred in denying the motion to withdraw guilty pleas; (2) the guilty pleas were not knowingly and voluntary entered into by defendant; and (3) the guilty pleas are legally infirm. In these three related assignments of error, defendant argues his trial counsels' performance was deficient in that they failed to properly investigate this matter. Defendant contends that if they properly investigated, he would have rejected the State's plea offer and proceeded to trial. Defendant claims that his guilty pleas should be invalidated because they were entered without full and correct information, and thus involuntary due to his trial counsels' alleged ineffectiveness. Defendant *597 argues that he has maintained his innocence and that his motion to withdraw guilty plea should have been granted.
A defendant does not have an absolute right to withdraw a guilty plea. State v. Honeycutt, 41,601 (La. App. 2 Cir. 2/28/07), 953 So.2d 914, 918. The trial court has the discretion to permit a defendant to withdraw his guilty plea at any time prior to sentencing. La. C.Cr.P. art. 559 A; See State v. Kron, 07-1024 (La. App. 5 Cir. 3/25/08), 983 So.2d 117, 119, writ denied, 08-0813 (La. 10/24/08), 992 So.2d 1039. However, this discretion cannot be exercised arbitrarily, and an abuse of discretion can be corrected on appeal. State v. Gonzales, 97-767 (La. App. 5 Cir. 1/14/98), 707 So.2d 82, 84. Once a defendant is sentenced, only those pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief. State v. Joseph, 14-762 (La. App. 5 Cir. 3/25/15), 169 So.3d 661, 664. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily; if the Boykin [4] colloquy is inadequate; or when a defendant is induced to enter the plea by a plea bargain, or what he justifiably believes was a plea bargain, and that bargain is not kept. State v. McCoil, 05-658 (La. App. 5 Cir. 2/27/06), 924 So.2d 1120, 1124.
As a general rule, a denial of a motion to withdraw a guilty plea will not be reversed on appeal if the record clearly shows that the defendant was informed of his rights[5] and the consequences of his plea and that the plea was entered voluntarily. Kron, 983 So.2d at 120. Dissatisfaction with a sentence or a mere change of heart or mind by the defendant as to whether he made a good bargain will not ordinarily support allowing the withdrawal of a bargained guilty plea. State v. Green, 03-410 (La. App. 5 Cir. 10/28/03), 860 So.2d 237, 242, writ denied, 03-3228 (La. 3/26/04), 871 So.2d 346. Moreover, where a defendant's misunderstanding of the plea bargain is not induced by or attributed to representations made by the district attorney or the trial court, there are no grounds for withdrawal of the plea. In the absence of fraud, intimidation, or incompetency of counsel, a guilty plea is not made less voluntary or informed by the considered advice of counsel. Joseph, 169 So.3d at 664.
Based on the foregoing, we find the trial court did not error in denying defendant's motion to withdraw his guilty pleas. The record supports the trial court's determination that defendant voluntarily entered the guilty pleas with a full understanding of the consequences associated with those pleas. On the waiver of rights form and during the colloquy, defendant was advised of his Boykin rights, stated that he understood his rights, and that he was waiving those rights. Defendant was also advised of the sentencing ranges for the offenses and the sentences that would be imposed should the court accept his guilty pleas. Defendant further indicated that he was satisfied with the way his trial attorneys had handled his case and had not been forced, threatened, or coerced into entering his pleas of guilty. The court accepted defendant's pleas of guilty as knowingly, intelligently, freely, and voluntarily entered into by defendant. Defendant was sentenced in accordance with the *598 plea agreement. Accordingly, the plea colloquy, along with the signed waiver of rights form, constitute a sufficient affirmative showing on the record that defendant was advised of his rights, understood those rights, and that he made an intelligent and knowing waiver of his rights.
Moreover, defendant entered an unconditional guilty plea which, by its nature, admits factual guilt and waives all non-jurisdictional defects in the proceedings prior to the entering of the plea. State v. Starks, 01-1078 (La. 3/28/02), 812 So.2d 638, 638-39 (citing Tollett v. Henderson, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973) ); State v. Crosby, 338 So.2d 584, 586 (La. 1976) (citing State v. Foster, 263 La. 956, 269 So.2d 827 (1972) ); State v. Smith, 09-168 (La. App. 5 Cir. 6/23/09), 19 So.3d 509, 510-11 (citing State v. Joseph, 03-315 (La. 5/16/03), 847 So.2d 1196 (per curiam ); State v. King, 99-1348 (La. App. 5 Cir. 5/17/00), 761 So.2d 791, 793, writ denied, 00-1824 (La. 6/29/01), 794 So.2d 822 ) ).
In this case, defendant does not contend the trial court failed to advise him of his constitutional rights, instead he argues that his pleas were not knowing or voluntary based on ineffective assistance of counsel. Defendant contends his trial counsels' failed to properly investigate and interview essential witnesses, arguing that after his sentencing, alleged eyewitness Selena Collins recanted her statement to the police implicating him and was prepared to testify accordingly at trial. He argues that at all relevant times he advised his attorneys that he was innocent and insisted on going to trial.[6] However, due to ineffective assistance of counsel, he contends that he was forced to plead guilty. These claims are inconsistent with his response in the Boykin colloquy to the effect that he was satisfied with the way his trial counsel had handled his case, and that he had not been forced, threatened, or coerced into entering his pleas of guilty.
A defendant is entitled to effective assistance of counsel under the Sixth Amendment to the United States Constitution and Article I, § 13 of the Louisiana Constitution of 1974. State v. Francois, 13-616 (La. App. 5 Cir. 1/31/14), 134 So.3d 42, 58, writ denied, 14-431 (La. 09/26/14), 149 So.3d 261. Under the standard for ineffective assistance of counsel set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), a conviction must be reversed if the defendant proves: (1) that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms; and (2) counsel's inadequate performance prejudiced defendant to the extent that the trial was rendered unfair and the verdict suspect. State v. Lyons, 15-2197 (La. 9/23/16), 199 So.3d 1140, 1141.
When a defendant claims that counsels' ineffective assistance rendered a guilty plea invalid, the Strickland analysis under the first deficiency prong remains the same, whereas under the second prejudice prong, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985).
Generally, an ineffective assistance of counsel claim is most appropriately addressed through an application for post-conviction relief filed in the district *599 court, where a full evidentiary hearing can be conducted, if necessary, rather than by direct appeal. State v. Ferrera, 16-243 (La. App. 5 Cir. 12/14/16), 208 So.3d 1060, 1066-67. However, when the record contains sufficient evidence to rule on the merits of the claim and the issue is properly raised in an assignment of error on appeal, it may be addressed in the interest of judicial economy. Id. at 1067. If, on the other hand, the record does not contain sufficient evidence to fully explore a claim of ineffective assistance of counsel, the claim should be relegated to post-conviction proceedings. Id.
In this case, the record is insufficient to fully consider defendant's claim that ineffective assistance of counsel rendered his guilty pleas unknowing and involuntary. The only transcript contained in the record is that of the plea hearing.[7] Thus, based on the limited record, we find defendant's allegations of ineffective assistance of counsel cannot be reviewed here, and should be raised in an application for post-conviction relief in the trial court, where a full evidentiary hearing can be conducted, if warranted under the post-conviction relief statutory procedure, and defendant can present evidence to support his allegations.[8] See State v. Stiller, 16-659 (La. App. 5 Cir. 7/26/17), 225 So.3d 1154 ; Kron, supra.
Error Patent Discussion
The record was reviewed for errors patent, according to mandates of La. C.Cr.P. art. 920 ; State v. Oliveaux, 312 So.2d 337 (La. 1975) ; and State v. Weiland, 556 So.2d 175 (La. App. 5 Cir. 1990). Our review reveals no errors patent in this case.
CONVICTIONS AND SENTENCES AFFIRMED

The bill of information alleged that defendant was previously convicted of the crime of aggravated second degree battery, in violation of La. R.S. 14:34.7, under case number 08-4682, Division "M," of the 24th Judicial District Court, Parish of Jefferson.

Defendant also pled guilty in four other cases that day which are not before this Court on appeal.

State v. Counterman, 475 So.2d 336 (La. 1985).

Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

At a minimum, under Boykin, the defendant must be notified of the waiver of three constitutional rights-the right to trial by jury, the defendant's privilege against self-incrimination, and the defendant's right to confront his accuser. State v. Robinson, 02-1253 (La. App. 5 Cir. 4/8/03), 846 So.2d 76, 85, writ denied, 03-1361 (La. 11/26/03), 860 So.2d 1131.

The record shows that prior to the guilty plea proceeding, defense counsel specifically indicated that defendant's pleas were not being offered under North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

The record contains a transcript from a motion to suppress that was conducted on January 9, 2014, in unrelated case numbers 13-4664 and 13-5020 (cases which defendant also pled guilty to at the time of the guilty pleas in this case).

However, defendant would have to satisfy the requirements of La. C.Cr.P. art. 924, et seq. , in order to receive such a hearing.